IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 JAN 29  A 11: 17

| | |
|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, an Alabama Limited Liability Company, and DONNA HOOVER,<br><br>Plaintiffs,<br><br>v.<br><br>TODD P. LINDLEY d/b/a LINDLEY & ASSOCIATES; THEODORE J HOLT; HACKARD & HOLT, a Partnership ; PHILIP O. WATTS ; WATTS & WATTS, a Partnership ; ALYSTOCK, WITKIN & SASSER, PLC<br><br>Defendants. | CASE NO. 2:07-CV-76-WKW<br><br>**CASE UNDER SEAL** |

## SECURITY FOR TEMPORARY RESTRAINING ORDER

Whereas, on January 26, 2007, the Court entered its Temporary Restraining Order and Order Granting Motion Under Seal, which, in part, granted Plaintiffs Bridgeway Mobile Diagnostics, L.L.C. and Donna Hoover's ("Plaintiffs") Motion for Temporary Restraining Order against Defendant Lindley (the "Order"), a copy of which is attached hereto as Exhibit A; and

Whereas, the Order was conditioned upon, and was not to take effect, until Plaintiffs submitted "to the Court security in the amount of $15,000, whereby Plaintiffs promise to pay all costs and damages, up to that amount, that Defendant Lindley may sustain should it later be

determined that this order was entered wrongfully or without sufficient cause."

Now, therefore, pursuant to the Order and Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiffs, as Principals, and the undersigned counsel, as sureties, jointly and severally, promise to pay all costs and damages that Defendant Lindley may sustain should it later be determined that the Order was entered wrongfully or without sufficient cause, up to the amount of, but not to exceed, $15,000.00.

Executed and sealed at Montgomery, Alabama on this 29th day of January, 2007.

Bridgeway Mobile
Diagnostics, L.L.C., Principal

_____
Its Member

_____
Donna Hoover, Principal


_____
George L. Beck, Jr. surety

_____
Richard H. Allen, surety

Prepared by:
**CAPELL & HOWARD, P.C.**
GEORGE L. BECK, JR. (BEC011)
RICHARD H. ALLEN (ALL052)
150 South Perry Street
P. O. Box 2069
Montgomery, AL  36102-2069
Phone:  241-8000
Fax:    241-8219

2

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, an Alabama Limited Liability Company, and DONNA HOOVER, )<br><br>Plaintiffs, )<br><br>v. )<br><br>TODD P. LINDLEY d/b/a LINDLEY & ASSOCIATES; THEODORE J. HOLT; HACKARD & HOLT, a Partnership; PHILIP O. WATTS; WATTS & WATTS, a partnership; AYLSTOCK, WITKIN & SASSER, a Florida Professional Limited Company, )<br><br>Defendants. ) | CASE NO. 2:07-CV-76-WKW |

## TEMPORARY RESTRAINING ORDER AND ORDER GRANTING MOTION TO SEAL

This matter has come before the Court on Plaintiffs' Motion for Temporary Restraining Order. Plaintiffs provided the Defendants, who are all attorneys or law firms, with copies of the Verified Complaint and Motion for Temporary Restraining Order by facsimile. The Court conducted a teleconference with counsel for Plaintiff, Richard H. Allen and George L. Beck, Jr, and Peter Holt, Phil Watts and Justin Watts appeared on behalf of Defendants. Neither Defendant Todd Lindley nor his attorney Krona could be reached by Plaintiffs' counsel prior to the teleconference. After the teleconference, the Plaintiffs withdrew their motion for TRO against Defendants Theodore Holt, Hackard & Holt, Philip O. Watts, Watts & Watts and Alystock, Witkins

& Sasser, but maintained their TRO motion against Defendant Lindley. Based upon the foregoing, and the specific facts contained in the Verified Complaint, with respect to the TRO motion against Defendant Lindley, the Court finds:

(1) Plaintiffs have demonstrated a substantial likelihood of success on the merits of this action;

(2) That in the absence of a temporary restraining order, the Plaintiffs will be irreparably injured;

(3) That no substantial harm will result to any third parties if this Order is issued;

(4) That the public interest favors issuance of this order.

(5) The threatened injury to Plaintiffs outweighs whatever damage the temporary restraining order may cause the Defendant Lindley.

(6) A remedy at law is inadequate.

THEREFORE, it is Ordered that the Defendant Lindley, his agents, employees, successors, and attorneys, and all those in active concert or participation with him, shall refrain immediately from paying any portion of settlement proceeds to Fen-Phen claimants, or to himself or any other party, that represent amounts claimed to be owed to Bridgeway under the March 2005 letter of understanding, and Defendant Lindley is further ordered to hold those funds in escrow pending this Court's ruling on preliminary injunction. This Order is conditioned upon, and shall not take effect, until Plaintiffs submit to the Court security in the amount of $15,000.00, whereby Plaintiffs promise to pay all costs and damages, up to that amount, that Defendant Lindley may sustain should it later be determined that this order was entered wrongfully or without sufficient cause.

Plaintiffs' motion for preliminary injunction is hereby set for hearing on February 1st, 2007, at 2:30 PM.

Plaintiff's Motion to Seal Verified Complaint and to Seal Motion for Temporary Restraining Order is GRANTED until further order of the court. The clerk is directed to place all filings in this action under seal until further order of this court.

This order is entered at 5:18 p.m. on January 26, 2007.

_____
United States District Judge