RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 MAR -5  A II: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC and DONNA HOOVER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 2:07-CV-76-WKW |
| TODD P. LINDLEY d/b/a LINDLEY & ASSOCIATES, THEODORE J. HOLT, HACKARD & HOLT, PHILIP O. WATTS, WATTS & WATTS, AYLSTOCK, WITKIN & SASSER, | § § § § § § | **CASE IN UNDER SEAL** |
| Defendants. | § § | |

## DEFENDANT TODD P. LINDLEY'S ANSWER
## TO PLAINTIFFS' COMPLAINT

TODD P. LINDLEY d/b/a LINDLEY & ASSOCIATES, a defendant in the above-styled and numbered cause, files this his Answer to the Plaintiffs' Complaint, and for same would show the Court as follows:

1.      As of the date of this Answer, Defendant Todd P. Lindley d/b/a Lindley & Associates ("Lindley" or "Defendant") is without sufficient information to admit or deny the allegations regarding the citizenship, residence, and business operations of the other parties named in this proceeding as alleged in paragraphs 1, 2, 4, 5, 6, and 8 of the Plaintiffs' Verified Complaint (the "Complaint").

2.      Lindley admits the allegations in paragraph 3 of the Complaint.

3.      Lindley denies the allegations set forth in paragraph 7 of the Complaint.

4.      Lindley admits the allegation contained in paragraph 9 of the Complaint that persons engaged by his firm contacted Plaintiff Bridgeway Mobile Diagnostics, LLC ("Bridgeway") about providing echo testing and screening services in connection with potential clients for Lindley & Associates.  Lindley denies the remaining allegations contained in paragraph 9 of the Complaint.

5.      Lindley admits the allegation contained in paragraph 10 of the Complaint that Lindley agreed to pay Bridgeway for services rendered in connection with administration, testing, screening, and follow up services.

6.      Lindley admits the allegations contained in paragraph 11 that a written contract was signed by Lynda Landers, an associate with Lindley & Associates.  Lindley denies the remaining allegations in paragraph 11 of the Complaint.

7.      Lindley denies the allegations contained in paragraph 12, 14 of the Complaint.

8.      Lindley admits the allegations contained in paragraph 13 of the Complaint.

9.      Lindley admits that Bridgeway tested approximately 3000 individuals as alleged in paragraph 15 of the Complaint, although with respect to the incurred time, travel and lodging expense, most, if not all of the travel expenses were paid up front or near the time incurred.

10.      Lindley admits the allegation contained in paragraph 16 of the Complaint that Lindley & Associates initially agreed to pay for testing, although payment was to come, if at all, from proceeds of settlements.  Lindley admits that Lindley & Associates agreed to pay and did pay travel expenses as charged by Bridgeway.  Lindley denies the remaining allegations contained in paragraph 16 of the Complaint.

11.     Lindley admits that Lindley & Associates initially agreed to pay Bridgeway upon terms which included those set forth set forth in paragraph 17 of the Complaint. Lindley denies the remaining allegations contained in paragraph 17 of the Complaint.

12.     Lindley admits making a partial payment for expenses and fees, but denies the remaining allegations contained in paragraph 18 of the Complaint.

13.     Lindley admits there was an agreement between Lindley & Associates and Bridgeway, but denies the remaining allegations contained in paragraph 19 of the Complaint.

14.     Lindley denies the allegation in paragraph 20 of the Complaint that the log of all testing was transmitted prior to a dispute arising between the parties. Lindley admits the remaining allegations contained in paragraph 20.

15.     Paragraph 21 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

16.     Lindley admits the allegation contained in paragraph 22 that Bridgeway agreed to test potential Fen-Phen clients for Lindley & Associates. Lindley denies the remaining allegations contained in paragraph 22 of the Complaint.

17.     Lindley denies the allegations contained in paragraphs 23 and 24 of the Complaint.

18.     Lindley denies that Plaintiffs are entitled to any of the relief requested in paragraph 25 of the Complaint and in the prayer following paragraph 25 of the Complaint.

19.     Paragraph 26 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response

thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

20.     Lindley denies the allegations contained in paragraphs 27 and 28 of the Complaint.

21.     Lindley admits the allegations contained in paragraph 29 of the Complaint.

22.     Lindley admits that Exhibits B, C, and D to the Complaint are true and correct copies of letters Lindley sent to the addressees reflected on the face of those letters. The content of the letters speak for themselves and, therefor, to the extent the allegations contained in paragraph 30 of the Complaint generalize, paraphrase, modify, or vary from the content thereof, those allegations are denied.

23.     Lindley admits that Exhibit E to the Complaint is a true and correct copies of a letter Lindley's counsel sent to the addressees reflected on the face of that letter. The content of the letter speaks for itself and, therefor, to the extent the allegations contained in paragraph 31 of the Complaint generalize, paraphrase, modify, or vary from the content thereof, those allegations are denied.

24.     The allegations contained in paragraphs 32 and 33 of the Complaint are admitted

25.     Upon information and belief, the allegations contained in paragraphs 34 and 35 of the Complaint are denied.

26.     Lindley denies the allegations contained in paragraphs 36, 37, and 38 of the Complaint.

27.     Lindley denies that Plaintiffs are entitled to any of the relief requested in paragraph 39 of the Complaint and in the prayer following paragraph 39 of the Complaint.

28.    Paragraph 40 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

29.    Lindley denies the allegations contained in and the Plaintiffs are entitled to the relief requested in paragraphs 41 and 42 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested in the prayer following paragraph 42 of the Complaint.

30.    Paragraph 43 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

31.    Lindley denies the allegations contained in and that the Plaintiffs are entitled to the relief requested in paragraphs 44, 45, 46, 47, and 48 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested in the prayer following paragraph 48 of the Complaint.

32.    Paragraph 49 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

33.    Lindley denies the allegations contained in and that the Plaintiffs are entitled to the relief requested in paragraph 50 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested in the prayer following paragraph 50 of the Complaint.

34.     Paragraph 51 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

35.     Lindley denies the allegations contained in and that the Plaintiffs are entitled to the relief requested in paragraph 52 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested in the prayer following paragraph 52 of the Complaint.

36.     Paragraph 53 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

37.     Lindley denies the allegations contained in and that the Plaintiffs are entitled to the relief requested in paragraph 54 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested in the prayer following paragraph 54 of the Complaint.

38.     Paragraph 55 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

39.     Lindley denies the allegations contained in and that the Plaintiffs are entitled to the relief requested in paragraphs 56, 57, and 58 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested in the prayer following paragraph 58 of the Complaint.

40.    Paragraph 59 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

41.    Lindley denies that paragraphs 60 and 61 contain all of the material terms and conditions of the agreement between Bridgeway and Lindley & Associates. Lindley denies the allegations contained in paragraphs 60 and 61.

42.    Lindley denies the allegations contained in and that the Plaintiffs are entitled to the relief requested in paragraphs 62 and 63 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested in the prayer following paragraph 63 of the Complaint.

43.    Paragraph 64 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

44.    Lindley denies the allegations contained in and that the Plaintiffs are entitled to the relief requested in paragraphs 65, 66, 67, 68, 69, and 70 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested in the prayer following paragraph 70 of the Complaint.

45.    Paragraph 71 of the Complaint contain no substantive allegations, but references and incorporates previously asserted allegations made earlier in the Complaint. Accordingly, in response thereto, Lindley incorporates the responses to those allegations by similar incorporation by reference.

46.     Lindley denies the allegations contained in and that the Plaintiffs are entitled to the relief requested in paragraphs 72, 73, 74, 75, 76, and 77 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested in the prayer following paragraph 77 of the Complaint

47.     To the extent not done so in the responsive paragraphs above, Lindley specifically denies that Plaintiffs are entitled to any of the relief requested in any of the prayers set forth throughout the Complaint.

48.     All allegations contained in the Complaint which not expressly admitted by Lindley otherwise herein are denied.

### AFFIRMATIVE DEFENSES

49.     Plaintiffs are not entitled to recover under the claims and allegations set forth in their Complaint because of the applicability of the doctrines of waiver and estoppel.

50.     Plaintiffs are not entitled to recover under the claims and allegations set forth in their Complaint because all conditions precedent and necessary to payments, if any at all are due to Plaintiffs, have not occurred.

51.     Plaintiff Donna Hoover is not entitled to recover against Lindley under her claims and allegations set forth in the Complaint because she is not a party to any of the contractual relationships either as they actually existed or as even as alleged by Plaintiffs in the Complaint.

52.     Plaintiff Donna Hoover is not entitled to recover against Lindley under her claims and allegations set forth in the Complaint because there is not nor was there ever any privity of contract between Hoover and Lindley.

53.     Plaintiffs are not entitled to recover under the claims and allegations set forth in their Complaint because of Plaintiffs' prior material breach.

54.    Plaintiffs are not entitled to recover under the claims and allegations set forth in their Complaint because of Plaintiffs to properly mitigate their damages.

55.    Plaintiffs are not entitled to recover under the claims and allegations set forth in their Complaint because the contracts, as alleged to exist by Plaintiffs are void as against public policy and/or are unenforceable as illegal contracts.

56.    Lindley pleads mutual mistake as a bar to the Plaintiffs' claims and allegations as set forth in their Complaint.

57.    Lindley pleads unjust enrichment as a bar to the Plaintiffs' claims and allegations as set forth in their Complaint.

WHEREFORE, Defendant Todd P. Lindley d/b/a Lindley & Associates pray that Plaintiffs take nothing under the claims and allegations set forth in their Complaint, that the Court enter a take nothing judgment in his favor, awarding him his expenses and costs of court, and for such other and further relief at law and in equity to which he may show himself entitled.

Respectfully submitted,

Todd P. Lindley
8409 Pickwick Lane, Suite 385
Dallas, Texas 75225
(214) 801-1044 (office)
(972) 661-0606 (facsimile transmission)

## CERTIFICATE OF SERVICE

A copy of the foregoing Defendant's Answer to the Plaintiff's Complaint has been served on the attorneys for Plaintiff, Richard H. Allen, Capell & Howard, P.C., P.O. Box 2069, Montgomery, Alabama 36102-2069, in accordance with the Federal Rules of Procedure by depositing same in the United States mail, postage prepaid or email transmission, on this the 2nd day of March, 2007.

tp\lindley\bridgway\answer

*DEFENDANT TODD P. LINDLEY'S ANSWER TO PLAINTIFFS' COMPLAINT*                    *Page 10*