IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 APR -2  P 3: 06

| | | |
|---|---|---|
| BRIDGEWAY MOBILE | * | |
| DIAGNOSTICS, LLC, an Alabama | * | |
| Limited Liability Company, and | * | |
| DONNA HOOVER, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO. 2:07-cv-76-WKW |
| | * | |
| TODD P. LINDLEY d/b/a LINDLEY | * | |
| & ASSOCIATES; TED HOLT; | * | |
| HACKARD & HOLT, a Partnership ; | * | |
| PHIL WATTS ; WATTS & WATTS, | * | **CASE UNDER SEAL** |
| a Partnership ; AYLSTOCK, | * | |
| WITKIN & SASSER, a Florida | * | |
| Professional Limited Liability | * | |
| Company, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFFS' MOTION FOR
<u>ENTRY OF DEFAULT JUDGMENT</u>**

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiffs move this Court for an order entering a default judgment against Defendants Hackard & Holt, a partnership, and Ted Holt (collectively the "Holt Defendants"), solely on Plaintiffs' claim for a preliminary injunction. As grounds for this motion, Plaintiffs state as follows:

1.  The Holt Defendants were served with a copy of the Summons and Verified Complaint on February 5, 2007. Accordingly, their response to the Verified Complaint was due no later than February 26, 2007. The

Verified Complaint sought, among other things, a preliminary injunction against the Holt Defendants.

2. The Holt Defendants have not filed an answer, a responsive motion or pled or otherwise defended this action as provided by the Federal Rules of Civil Procedure. Simultaneously with the filing of this Motion, Plaintiffs have filed their Motion for Entry of Default.

3. On January 26, 2007, Plaintiffs filed their Motion for Temporary Restraining Order, along with their Verified Complaint. On that date, the Court conducted a telephone conference regarding Plaintiffs' TRO request. During this teleconference, Peter Holt appeared on behalf of the Holt Defendants.[1] During the teleconference, and immediately thereafter, Mr. Holt represented that the Holt Defendants were willing to cooperate with Plaintiffs and would be willing to set aside $1,500 of settlement proceeds for every Fen-Phen case settled by them that had been referred to them by Defendant Todd Lindley and upon which the Plaintiffs had performed testing. [See Exhibit A, Affidavit of George L. Beck, Jr., ¶ 2]. Mr. Holt later confirmed this agreement in a letter to Plaintiffs' counsel. [*Id.* at Attachment 1] In that letter, Mr. Holt requested that Plaintiffs provide the Holt Defendants a log of relevant cases so that the Holt Defendants would know for which cases they needed to set aside the $1,500. [*Id.*] Even

---

[1] A defendant's participation in temporary restraining order proceedings does not amount to an "appearance" or "response" to a complaint that would preclude the entry of default or default judgment. *See, e.g., United States v. Kahn*, 164 Fed. Appx. 855, 857 (11th Cir. 2006).

2

though Plaintiffs' counsel had provided such a log on multiple occasions in the past [*Id.* at Attachments 2, 3][2], the undersigned on at least four separate occasions again provided the case log to the Holt Defendants, including preparing and providing the Holt Defendants an alphabetized list. [*Id.* at Attachments, 5, 6, 7, 8] Plaintiffs' counsel has since left numerous telephone messages with the Hackard & Holt firm seeking to confirm the terms of their agreement, but no return calls have been received, nor have the Holt Defendants responded in writing. Thus, Plaintiffs, who relied upon Mr. Holt's assurance of cooperation when withdrawing their TRO request against the Holt Defendants and when choosing not to pursue a preliminary injunction against the Holt Defendants, are now left to guess as to whether the Holt Defendants are protecting the disputed proceeds or are willing to protect the disputed proceeds as future cases settle. [*Id.* at ¶ 2]

4. Pursuant to the agreement reached at or immediately after the TRO teleconference, the other Defendants (Phil Watts, Watts & Watts and Aylstock, Witkin & Sasser) transferred the disputed funds held by those defendants to the undersigned to be held in escrow pending final order of the Court. [*Id.* at ¶ 3] Indeed, the Aylstock, Witkin & Sasser firm has already been dismissed from this lawsuit by Plaintiffs.

5. The facts established in the Plaintiffs' Verified Complaint (which the Holt Defendants have not disputed), the evidence presented by Plaintiffs

---

[2] Indeed, on January 10, 2007, Hackard & Holt acknowledged receiving such a log. [*Id.* at Attachment 4]

3

in support of their Temporary Restraining Order, and the evidence presented herewith (*i.e.,* the Holt Defendants' recent refusal to cooperate or even communicate with Plaintiffs' counsel), sufficiently establish the following:

 (a) Plaintiffs have demonstrated a substantial likelihood of success on the merits in this action, especially with respect to their claims arising from the March, 2005 letter of understanding;

 (b) That in the absence of a preliminary injunction, the Plaintiffs will be irreparably injured; particularly due to the fact that the source of funding payments to the Plaintiffs (*i.e.,* proceeds from the settlement of various Fen-Phen cases) could be forever depleted in the absence of this preliminary injunction;

 (c) That no substantial harm will result to any third parties if a preliminary injunction is issued;

 (d) The public interest favors issuance of the preliminary injunction;

 (e) The threatened injury to Plaintiffs outweighs whatever damage the preliminary injunction may cause the Holt Defendants; and

 (f) A remedy at law is inadequate.

6. The entry of an injunction by way of default judgment is permissible. *See, e.g., United States v. Kahn,* 164 Fed. Appx. 855 (11th Cir. 2006). Plaintiffs further request that this default judgment be entered

without a hearing due to the threat of immediate and irreparable injury.[3] Plaintiffs will move for a full default judgment on all of their claims remaining against the Holt Defendants at a later date.

WHEREFORE, the Plaintiffs respectfully request that the Court enter a default judgment which grants their request for preliminary junction against Hackard & Holt and Ted Holt, ordering the Defendants Hackard & Holt and Ted Holt, their agents, employees, successors, attorneys, and all those in active concert or participation with them, to refrain immediately, and pending the final hearing and determination of the present action, from paying any portion of settlement funds to Fen-Phen claimants, any attorney or third parties which arise from cases in which Plaintiff Bridgeway provided testing services until payment to Bridgeway has first been deducted; enjoining Defendants Hackard & Holt and Ted Holt from paying to Defendant Lindley any portion of the settlement proceeds which are to be allocated to Bridgeway under the March, 2005 Letter of Understanding; to require Defendants Hackard & Holt to account for all Todd Lindley referred clients, including any settlement proceeds collected, distributed or to be collected or distributed, whether said claim is settled or not; and ordering Hackard & Holt and Ted Holt to immediately thereafter pay into the Court, or into Plaintiffs'

---

[3] The undersigned has reviewed pleadings in that certain case styled *Todd Lindley, et al v. Hackard & Holt, et al.,* The United States District Court for the Northern District of Texas, Civil Action No. 3:05-CV-1476-L. Recent filings in that case indicate that the Hackard & Holt firm has settled approximately 800 of the Fen-Phen cases referred by Lindley. [*Id.* at Doc. 162] If these allegations are correct, a substantial number of these cases could include those upon which Plaintiffs provided testing.

counsel's escrow account, the total sum of funds due to Plaintiffs under the March, 2005 agreement, pending the final resolution of this action, or upon receipt of any such settlement proceeds, to hold said funds pursuant to the Court's order and pending further orders of this Court.

Respectfully submitted,

/s/ George L. Beck, Jr.
George L. Beck, Jr.   (BEC011)
Richard H. Allen      (ALL053)
**Attorneys for Plaintiffs**

OF COUNSEL:
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069
Telephone: (334) 241-8000
Facsimile:  (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following:

**Theodore J. Holt**
11335 Gold Express Drive, #105
Gold River, California  95670

**HACKARD & HOLT**
11335 Gold Express Drive, #105
Gold River, California  95670

**Phillip O. Watts**
101 N. Robinson, Suite 501
Oklahoma City, OK  73102

**WATTS & WATTS**
101 N. Robinson, Suite 501
Oklahoma City, OK  73102

**Todd Lindley**
LINDLEY & ASSOCIATES
5968 W. Northwest Highway, Suite 1806
Dallas, TX  75225

by depositing a copy of same in United States mail, first-class postage prepaid and properly addressed on this the ___2nd__ day of April, 2007.

_____George L. Beck_____
Of Counsel

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, an Alabama Limited Liability Company, and DONNA HOOVER, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CASE NO. 2:07-cv-76-WKW |
| TODD P. LINDLEY d/b/a LINDLEY & ASSOCIATES; TED HOLT; HACKARD & HOLT, a Partnership ; PHIL WATTS ; WATTS & WATTS, a Partnership ; AYLSTOCK, WITKIN & SASSER, a Florida Professional Limited Liability Company, | * * * * * * * * | **CASE UNDER SEAL** |
| Defendants. | * | |

STATE OF ALABAMA    )
                    )
MONTGOMERY COUNTY   )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said State and County, personally appeared George L. Beck, Jr., known to me, and who, being by me first duly sworn on oath, deposes and says as follows:

1. My name is George L. Beck, Jr., and I am over the age of 19 years. I represent the Plaintiffs, Bridgeway Mobile Diagnostics, LLC and Donna Hoover in this case.

2. During the TRO teleconference conducted by the Court on January 26, 2007, and during a conversation immediately thereafter, Peter Holt represented that Hackard & Holt and Ted Holt were willing to cooperate with Plaintiffs and would be willing to set aside $1,500 of settlement proceeds for every Fen-Phen case settled by them that had been referred to them by Defendant Todd Lindley and for which my clients had provided testing. Mr. Holt later confirmed this agreement in a letter, a copy of which is attached hereto as Attachment 1. In this letter, Mr. Holt requested that Plaintiffs provide him a log of the relevant cases so that the Holt Defendants could verify which cases they needed to set aside $1,500 upon settlement. Even though I had provided such a log to the Holt Defendants on multiple occasions in the past [See Attachments 2, 3, 4], I provided a case log on at least four separate occasions after Mr. Holt's request. [See Attachments 5, 6, 7]. The Holt Defendants then requested that I provide them a log that alphabetized the clients. I twice complied with that request, as well. [See Attachments 7, 8] The undersigned has since left numerous telephone messages with the Hackard & Holt firm seeking to confirm their agreement, but they will not return these messages, nor will they respond in writing.

3. Pursuant to the agreement reached at or immediately after the TRO teleconference, the other Defendants (Phil Watts, Watts & Watts and Aylstock, Witkin & Sasser) transferred the disputed funds held by those defendants to the undersigned to be held in escrow. [*Id.* at ¶ 3] Indeed,

the Aylstock, Witkin & Sasser firm has already been dismissed by Plaintiffs from this lawsuit.

    4.    I have reviewed pleadings in that certain case styled *Todd Lindley, et al v. Hackard & Holt, et al.,* The United States District Court for the Northern District of Texas, Civil Action No. 3:05-CV-1476-L. Recent filings in that case indicate that the Hackard & Holt firm has settled approximately 800 of the Fen-Phen cases referred to it by Lindley. If these allegations are correct, a substantial number of these cases could include those upon which Plaintiffs provided testing.

    Further, affiant sayeth not.

*/s/ George L. Beck*
George L. Beck, Jr.

SWORN TO AND SUBSCRIBED before me on this the 2nd day of April, 2007.

*/s/ Carol A. Zipperer*
Notary Public
My Commission Expires: 9-17-2008

(SEAL)

# HACKARD & HOLT
### ATTORNEYS AT LAW

MICHAEL A. HACKARD
THEODORE J. HOLT
———
PETER T. HOLT †
DAVID R. ZARKA
ALISSA S. HOLT
MICHAEL C. MACE *
GORDON W. ALLRED Ω
ANDREA J. MCNEIL Φ
MARJAN PEJUHESH

11335 GOLD EXPRESS DRIVE, SUITE 105
GOLD RIVER, CALIFORNIA 95670
www.hackardlaw.com

TELEPHONE
(916) 853-3000
FACSIMILE
(916) 853-3010

† REGISTERED BEFORE THE USPTO
* ALSO ADMITTED IN VIRGINIA & DISTRICT OF COLUMBIA
Ω ALSO ADMITTED IN MISSISSIPPI
Φ ALSO ADMITTED IN ALABAMA

January 29, 2007

*VIA FACSIMILE & U.S. MAIL*
*(334) 323-8888*

Mr. George L. Beck, Jr.
CAPELL & HOWARD, P.C.
Post Office Box 2069
Montgomery, AL 36102-2069

      *Re:*    *Bridgeway Mobile Diagnostics, LLC v. Todd P. Lindley, et al.*
            *U.S.D.C. Middle District of Alabama – Northern Division*

Dear Mr. Beck:

      This letter follows our conference call of Friday, January 26, 2007, which involved Judge Watkins and which was prompted by the filing by you of a complaint seeking a Temporary Restraining Order and other relief.

      As we discussed, we are willing to hold or set aside an appropriate amount from the fees due to Lindley & Associates from cases in which Bridgeway Diagnostics performed echocardiographic services. Based on our conversation, that amount is $1500 per case. You indicated that you believed that you have already provided to our firm a list of the cases involved; we were unable to find that list and so would appreciate it if you would provide it again.

      We look forward to working with you to resolve this issue.

                                              Very truly yours,
                                              HACKARD & HOLT

                                              Peter T. Holt

PTH:cab

RECEIVED
FEB - 1 2007
CAPELL & HOWARD, P.C.
HCBJR

# CAPELL & HOWARD P.C.
ATTORNEYS AT LAW

WILLIAM K. MARTIN
GEORGE L. BECK, JR.
BRUCE J. DOWNEY III
RICHARD F. ALLEN
HENRY C. BARNETT, JR.
K. PALMER SMITH
ROBERT T. MEADOWS III
HENRY H. HUTCHINSON
SHAPARD D. ASHLEY
D. KYLE JOHNSON

JAMES H. McLEMORE
CONSTANCE SMITH BARKER
W. HOLT SPEIR III
CHRISTOPHER W. WELLER
DEBRA DEAMES SPAIN
C. CLAY TORBERT III
R. BROOKE LAWSON III
J. SCOTT PIERCE
ROBERT D. RIVES
RICHARD H. ALLEN

COURTNEY WILLIAMS
PAIGE R. JACKSON
LEE M. RUSSELL, JR.
CHAD W. BRYAN
MICHAEL P. DALTON
CATY HOUSTON RICHARDSON
ARDEN REED PATHAK
TERRIE SCOTT BIGGS

OF COUNSEL:
JAMES M. SCOTT
THOMAS S. LAWSON, JR.

December 14, 2006

**_VIA FEDERAL EXPRESS_**

Theodore J. Holt
Hackard & Holt
11335 Gold Express Drive, #155
Gold River, California 95670

Re: Todd Lindley Referrals and Bridgeway Mobile Diagnostics, LLC Lien
Our File No.: 25090-0002

Dear Mr. Holt:

Enclosed please find a log of clients tested by Bridgeway Mobile Diagnostics, LLC with regard to the Phen-Fen cases. Many of the entries indicate clients that were tested in your area and, we assume, these would have been your clients. You may also have clients that were referred to you but were tested in different locations. We have also enclosed several other charts with client names, testing information, etc. Some of the clients listed on these charts are designated as "HH" clients. Please review all of these lists and charts carefully. If any of the individuals listed on any of these documents were your clients and were involved in the settlement, we expect payment to our client in accordance with the initial agreement with Todd Lindley.

I look forward to hearing from you immediately with identification of your firm's clients and receiving payment for Bridgeway's services.

Sincerely,

CAPELL & HOWARD, P.C.

George L. Beck, Jr.

GLB,JR:cmj

Enclosures

cc: Jack B. Krona, Jr., Esq. (w/o encl.)
Todd P. Lindley (with encl.)
Bridgeway Mobile Diagnostics, LLC (w/o encl.)

MONTGOMERY / OPELIKA / AUBURN

1081955.doc 150 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36102-2069
334 241 8000 tel    334 323 8888 fax    www.capellhoward.com

## CAPELL & HOWARD P.C.
### ATTORNEYS AT LAW

ITE /BBARD
IS N. WALTER, JR.
WILLIAM D. COLEMAN
WILLIAM K. MARTIN
GEORGE L. BECK, JR.
BRUCE J. DOWNEY III
HENRY C. BARNETT, JR.
K. PALMER SMITH
ROBERT T. MEADOWS III
HENRY H. HUTCHINSON
SHAPARD D. ASHLEY
D. KYLE JOHNSON
ROBERT F. NORTHCUTT

JAMES H. McLEMORE
CONSTANCE SMITH BARKER
W. HOLT SPEIR III
CHRISTOPHER W. WELLER
DEBRA DEAMES SPAIN
C. CLAY TORBERT III
R. BROOKE LAWSON III
J. SCOTT PIERCE
ROBERT D. RIVES
RICHARD H. ALLEN
M. COURTNEY WILLIAMS

LEE M. RUSSELL, JR.
CHAD W. BRYAN
MICHAEL P. DALTON
CATY HOUSTON RICHARDSON
ARDEN REED PATHAK
TODD H. COX
TERRIE SCOTT BIGGS

OF COUNSEL:
JAMES M. SCOTT
THOMAS S. LAWSON, JR.

January 9, 2007

*VIA FACSIMILE @ 916-853-3010 AND U.S. MAIL*

Alissa S. Holt, Esq.
Hackard & Holt
11335 Gold Express Drive
Gold River, CA 95670

    Re:    Bridgeway Mobile Diagnostics, LLC v. Todd Lindley, et al
            Our File No.: 25090-002

Dear Ms. Holt:

    I am in receipt of your letter dated January 8th which you faxed to me late yesterday afternoon after our offices had closed. I reviewed your letter this morning and re-read your previous correspondence to be certain that it was clear. In my January 5th letter to you I referred to a package that was Federal Expressed to your office on January 14th which contained a cover letter and, as previously mentioned, a log of clients that had been tested by Bridgeway Mobile Diagnostics, LLC. Since your latest letter seemed to indicate that we *had not* sent the 12/14 package, I tracked the Federal Express airbill and found that the package was indeed delivered to your office on 12/15/06 at 12:41 p.m. and signed for by "B. Chilameades." The tracking report indicates that Ms. Chilameades is the front desk receptionist. I have attached a copy of the airbill and the tracking report from Federal Express. Please let me know immediately if you do not have an employee by that name. If you do have such an employee, please contact her and determine to whom the package was delivered within your office. The package would have been addressed to "Ted Holt" as he is the only person I have corresponded with at Hackard & Holt in the past.

MONTGOMERY • OPELIKA / AUBURN

1083200.dqc 50 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36102-2069
334 241 8000 *tel*     334 323 8888 *fax*     www.capellhoward.com

Page Two
January 9, 2007

     I look forward to hearing from you today to confirm that the package was received in your office. After you have had an opportunity to review the log that we believe was delivered to your office, please call me so that we can discuss further details. If the package was not received, we need to clarify where the problem lies to be certain that this and any future packages are sent to the correct person. In the essence of time in this matter, today I am sending another copy of the log to you personally via Federal Express.

                                    Sincerely,

                                    CAPELL & HOWARD, P.C.

                                    George L. Beck, Jr.

GLB,JR:cmj

cc:    Ted Holt, Esq.
       Bridgeway Mobile Diagnostics, LLC
       Todd Lindley, Esq.
       Jack Krona, Esq.

1083200.doc

# HACKARD & HOLT
## ATTORNEYS AT LAW

MICHAEL A. HACKARD
THEODORE J. HOLT

PETER T. HOLT †
DAVID R. ZARKA
ALISSA S. HOLT
MICHAEL C. MACE *
GORDON W. ALLRED Ω
ANDREA J. MCNEIL Φ
MARJAN PEJUHESH

† REGISTERED BEFORE THE USPTO
* ALSO ADMITTED IN VIRGINIA & DISTRICT OF COLUMBIA
Ω ALSO ADMITTED IN MISSISSIPPI
Φ ALSO ADMITTED IN ALABAMA

11335 GOLD EXPRESS DRIVE, SUITE 105
GOLD RIVER, CALIFORNIA 95670
www.hackardlaw.com

TELEPHONE
(916) 853-3000
FACSIMILE
(916) 853-3010

January 10, 2007

**VIA FACSIMILE 334-323-8888**

George Beck
CAPELL & HOWARD, P.C.
150 South Perry Street
Montgomery, Alabama 36102

  Re: Bridgeway Mobile Diagnostics

Dear Mr. Beck:

Thank you for sending the log of clients from Bridgeway Mobile Diagnostics. Our office is in the process of reviewing this voluminous document for Hackard & Holt clients. We will be in contact once this review is completed. Thank you.

Very truly yours,

HACKARD & HOLT

ALISSA S. HOLT
Attorney at Law

ASH/aeb

## CAPELL & HOWARD P.C.
### ATTORNEYS AT LAW

WILLIAM D. COLEMAN
WILLIAM K. MARTIN
GEORGE L. BECK, JR.
BRUCE J. DOWNEY III
HENRY C. BARNETT, JR.
K. PALMER SMITH
ROBERT T. MEADOWS III
HENRY H. HUTCHINSON
SHAPARD D. ASHLEY
D. KYLE JOHNSON
ROBERT F. NORTHCUTT

TER HUBBARD
S N. WALTER, JR.
JAMES H. McLEMORE
CONSTANCE SMITH BARKER
W. HOLT SPEIR III
CHRISTOPHER W. WELLER
DEBRA DEAMES SPAIN
C. CLAY TORBERT III
R. BROOKE LAWSON III
J. SCOTT PIERCE
ROBERT D. RIVES
RICHARD H. ALLEN
M. COURTNEY WILLIAMS

LEE M. RUSSELL, JR.
CHAD W. BRYAN
MICHAEL P. DALTON
CATY HOUSTON RICHARDSON
ARDEN REED PATHAK
TODD H. COX
TERRIE SCOTT BIGGS

OF COUNSEL:
JAMES M. SCOTT
THOMAS S. LAWSON, JR.

January 29, 2007

*VIA EMAIL AND U.S. MAIL*

Peter Holt, Esq.
Hackard & Holt
11335 Gold Express Drive
Gold River, CA 95670

    Re:    Bridgeway Mobile Diagnostics, LLC v. Todd Lindley, et al
            Our File No.: 25090-002

Dear Mr. Holt:

    Enclosed please find copies of numerous pieces of correspondence that we have had between our firm and Ms. Alissa Holt just in the months of December 2006 and January 2007. This package, of course, does not include copies of other correspondence that we have sent your over the past several years. I have itemized the following enclosures:

1. Copy of my letter to Theodore J. Holt dated December 11, 2006, requesting a response to my repeated requests regarding information on the disbursement of the Fen-Phen settlement funds.

2. Copy of my letter to Theodore J. Holt (and copy of the Federal Express airbill) enclosing a log of potential clients that were tested by my clients, Bridgeway Mobile Diagnostics, LLC.

3. Copy of a letter to me from Ms. Alissa Holt dated January 3, 2007, stating that your firm could not "assess [our] claims for payment without a list of clients" which she indicates she had not received and requesting this information.

4. Copy of my letter to Ms. Alissa Holt dated January 5, 2007, inquiring about her receipt of the client log which had been Federal Expressed on December 14th and inquiring about the settlement of the Fen-Phen cases.

MONTGOMERY • OPELIKA / AUBURN

1084229.doc
150 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36102-2069
334 241 8000 *tel*    334 323 8888 *fax*    www.capellhoward.com

Page Two
January 29, 2007

5. Copy of a letter to me from Ms. Alissa Holt dated January 8, 2007, again stating that your firm had not received a "log of clients" and had "no record of a Federal Express package" being sent. In that letter Ms. Holt again states that your firm will "require a log of all clients tested" by my clients.

6. Copy of my letter sent via U.S. mail and fax to Ms. Alissa Holt dated January 9, 2007, (with fax confirmation) enclosing a copy of the 12/14/06 Federal Express airbill as well as a copy of the Federal Express tracking information that shows receipt by "B. Chilameades" in your firm on 12/15/06 at 12:41 p.m. As indicated on the fax coversheet for this letter, we also sent another copy of the "client log" to Ms. Holt on 1/9/07 via Federal Express.

7. Copy of Ms. Alissa Holt's letter to me dated January 10, 2007, acknowledging receipt of the log we had previously supplied.

8. Finally, please find enclosed another copy of the "client log" of people that were tested by my clients, Bridgeway Mobile Diagnostics.

Thank you for your time and attention to this matter. Please let me know if you have any questions.

Sincerely,

CAPELL & HOWARD, P.C.

George L. Beck, Jr.

GLB,JR:cmj

cc: Ted Holt, Esq. (w/o encl.)
Bridgeway Mobile Diagnostics, LLC (w/o encl.)
Todd Lindley, Esq. (w/o encl.)
Jack Krona, Esq. (w/o encl.)

1084229.doc

# Attachment 6

**Carol Jackson**

**From:** Carol Jackson
**Sent:** Monday, January 29, 2007 4:26 PM
**To:** 'pholt@hackardlaw.com'
**Subject:** Bridgeway Mobile Diagnostics

  

Scan001.pdf (3 MB) Scan001.pdf (4 MB) Scan001.pdf (5 MB)

Mr. Holt, attached is a letter from George Beck to you with several enclosures, including a copy of the "client log" that has been discussed. Because of the volume, we were required to email this information in three sections. Please let me know if you have any problem with accessing any of the documents.

Thank you.

Carol Jackson
Paralegal
cjackson@chlaw.com
Direct Dial: 334-241-8077
Direct Fax: 334-241-8277

# CAPELL & HOWARD P.C.
ATTORNEYS AT LAW

FRANK H. McFADDEN
⋯⋯⋯⋯⋯⋯⋯⋯
GEORGE L. BECK, JR.
BRUCE J. DOWNEY III
HENRY C. BARNETT, JR.
K. PALMER SMITH
ROBERT T. MEADOWS III
HENRY H. HUTCHINSON
SHAPARD D. ASHLEY
D. KYLE JOHNSON
ROBERT F. NORTHCUTT

J. LISTER HUBBARD
JAMES ⋯ ALTER, JR.
JAMES H. McLEMORE
CONSTANCE SMITH BARKER
THOMAS M. EDEN III
W. HOLT SPEIR III
CHRISTOPHER W. WELLER
DEBRA DEAMES SPAIN
C. CLAY TORBERT III
R. BROOKE LAWSON III
J. SCOTT PIERCE
ROBERT D. RIVES
RICHARD H. ALLEN

M. COURTNEY WILLIAMS
LEE M. RUSSELL, JR.
CHAD W. BRYAN
MICHAEL P. DALTON
CATY HOUSTON RICHARDSON
ARDEN REED PATHAK
TODD H. COX
TERRIE SCOTT BIGGS

OF COUNSEL:
JAMES M. SCOTT
THOMAS S. LAWSON, JR.

February 19, 2007

Theodore J. Holt
Hackard & Holt
11335 Gold Express Drive, #155
Gold River, California 95670

    Re:  *Bridgeway Mobile Diagnostics, LLC*
           *Todd Lindley Phen-Fen referral cases*
           Our Ref.:  25090-002

Dear Ted:

    Enclosed is an alphabetized log of clients tested by Bridgeway Mobile Diagnostics, LLC with regard to the Phen-Fen cases. Will this help you determine which clients were yours? I need to know soon.

                              Sincerely,

                              CAPELL & HOWARD, P.C.

                              George L. Beck, Jr.

GLB,JR:mm

Enclosure

1085482

MONTGOMERY · OPELIKA / AUBURN

150 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36102-2069
334 241 8000 *tel*    334 323 8888 *fax*    www.capellhoward.com

# CAPELL & HOWARD P.C.
### ATTORNEYS AT LAW

|  |  |  |
|---|---|---|
| | L. HUBBARD | M. COURTNEY WILLIAMS |
| | ...... .... WALTER, JR. | LEE M. RUSSELL, JR. |
| WILLIAM D. COLEMAN | JAMES H. McLEMORE | CHAD W. BRYAN |
| WILLIAM K. MARTIN | CONSTANCE SMITH BARKER | MICHAEL P. DALTON |
| GEORGE L. BECK, JR. | THOMAS M. EDEN III | CATY HOUSTON RICHARDSON |
| BRUCE J. DOWNEY III | W. HOLT SPEIR III | ARDEN REED PATHAK |
| HENRY C. BARNETT, JR. | CHRISTOPHER W. WELLER | TODD H. COX |
| K. PALMER SMITH | DEBRA DEAMES SPAIN | TERRIE SCOTT BIGGS |
| ROBERT T. MEADOWS III | C. CLAY TORBERT III | |
| HENRY H. HUTCHINSON | R. BROOKE LAWSON III | OF COUNSEL: |
| SHAPARD D. ASHLEY | J. SCOTT PIERCE | JAMES M. SCOTT |
| D. KYLE JOHNSON | ROBERT D. RIVES | THOMAS S. LAWSON, JR. |
| ROBERT F. NORTHCUTT | RICHARD H. ALLEN | |

February 19, 2007
**March 5, 2007 (SECOND REQEUST)**

Theodore J. Holt
Hackard & Holt
11335 Gold Express Drive, #155
Gold River, California 95670

    Re:   ***Bridgeway Mobile Diagnostics, LLC***
           ***Todd Lindley Phen-Fen referral cases***
           ***Our Ref.:***    25090-002

Dear Ted:

    Enclosed is an alphabetized log of clients tested by Bridgeway Mobile Diagnostics, LLC with regard to the Phen-Fen cases. Will this help you determine which clients were yours? I need to know soon.

                                    Sincerely,

                                    CAPELL & HOWARD, P.C.

                                    George L. Beck, Jr.

GLB,JR:mm

Enclosure

MONTGOMERY • OPELIKA / AUBURN

1086377 150 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36102-2069
334 241 8000 *tel*    334 323 8888 *fax*    www.capellhoward.com