IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC., an Alabama Limited Liability Company, and DONNA HOOVER, <br><br> Plaintiffs, <br><br> v. <br><br> TODD P. LINDLEY d/b/a LINDLEY & ASSOCIATES; THEODORE J. HOLT; HACKARD & HOLT, a Partnership; PHILIP O. WATTS; WATTS & WATTS, a partnership; AYLSTOCK, WITKIN & SASSER, a Florida Professional Limited Company, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) CASE NO. 2:07-cv-76-WKW ) ) ) ) ) ) ) ) ) ) ) |

**ORDER**

This case is before the Court on plaintiffs' Motion for Preliminary Injunction (Doc. # 21) filed on March 19, 2007. The Court scheduled a hearing on this Motion for March 19, 2007. On this date, counsel for plaintiffs and defendant Todd P. Lindley d/b/a Lindley & Associates filed their Joint Motion to Enter Preliminary Injunction (Doc. # 23).

Having considered the Joint Motion, and the Verified Complaint and other matters filed in this action, the court finds as follows:

(1)     Plaintiffs have demonstrated a substantial likelihood of success on the merits in this action, especially with respect to their claims arising from the March 2005 letter of understanding;

(2) That in the absence of a preliminary injunction, the plaintiffs will be irreparably injured; particularly due to the fact that the source of funding payments to plaintiffs, *i.e.,* proceeds from the settlement of the various Fen-Phen cases, could be forever depleted in the absence of this preliminary injunction;

(3) That no substantial harm will result to any third parties if this order is issued;

(4) That the public interest favors issuance of this order;

(5) The threatened injury to plaintiffs outweighs whatever damage the preliminary injunction may cause the defendant Lindley;

(6) A remedy at law is inadequate.

Therefore, it is ORDERED that the defendant Lindley, his agents, employees, successors, and attorneys, and all those in active concert or participation with him, shall refrain immediately from paying any portion of settlement proceeds to Fen-Phen claimants, or to himself or any other party, that represent amounts claimed to be owed to Bridgeway under the March 2005 letter of understanding, and defendant Lindley is further ordered to transfer those funds, whether currently held by him or received by him at anytime during the existence of this preliminary injunction, to plaintiffs' attorney, George Beck, who shall hold those funds in escrow pending a final determination by this court. Upon joint request of parties, and pursuant to Fed. R. Civ. P. 65(c), the Security for Temporary Restraining Order previously submitted by plaintiffs is hereby transferred to this preliminary injunction, and shall serve as sufficient security for any costs and

damages that defendant Lindley may sustain should it later be determined that this order was entered wrongfully or without sufficient cause.

DONE this 27th day of April, 2007.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE