IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2007 JUL -3 A 11: 15

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, an Alabama Limited Liability Company, and DONNA HOOVER, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CASE NO. 2:07-cv-76-WKW (WO) |
| TODD P. LINDLEY d/b/a LINDLEY & ASSOCIATES; THEODORE J. HOLT;HACKARD & HOLT, a Partnership, PHILIP O. WATTS ; WATTS & WATTS, a Partnership ; ALYSTOCK, WITKIN & SASSER, PLC | * * * * * * | **CASE UNDER SEAL** |
| Defendants. | * | |

### PLAINTIFFS' MOTION
### FOR PARTIAL SUMMARY JUDGMENT

Come now Plaintiffs Bridgeway Mobile Diagnostics, LLC ("Bridgeway") and Donna Hoover, and hereby respectively move this Court for an order entering partial summary judgment in Plaintiffs' favor, pursuant to Counts II, X and XI of their Verified Complaint, declaring that Plaintiffs are entitled to receive certain moneys that have been deposited with their attorneys by Defendant Watts & Watts ("Defendant Watts") and Defendant Aylstock, Witkin & Sasser, PLC ("Defendant Aylstock"). Such moneys were deposited by these Defendants pursuant to the terms of the March, 2005 Letter of Understanding (the "Letter of Understanding") and there is no genuine

issue of material fact precluding this Court from declaring that Plaintiffs are entitled to those proceeds. In support of this motion, Plaintiffs rely upon (i) the pleadings and evidentiary material filed with the Court, (ii) the Affidavit of Donna Hoover, attached hereto as Exhibit A, (iii) the Affidavit of Tammie Brooks, attached hereto as Exhibit B, (iv) transcript of proceedings in *Todd Lindley, Lindley and Associates v. Hackard Holt, et al.*, in the United States District Court for the Northern District of Texas, Case No. 3:05-CV-147-L attached hereto as Exhibit C and (v) copy of letter dated May 15, 2007 from Gerald J. Diaz, Jr., PA, attached hereto as Exhibit D. As further grounds for this motion, Plaintiffs state as follows:

1.      On or about January or February of 2002, Plaintiff Bridgeway was contacted at its office in Alabama by the Defendant Lindley law firm about providing echocardiogram testing and screening services in connection with potential clients for Defendants Lindley, Watts, Aylstock and Holt for their potential representation in mass tort cases known as Fen-Phen litigation. (Doc. 1 at ¶ 9; Doc. 18 at ¶ 4)

2.      A written contract was executed between the Plaintiffs and the Defendant Lindley regarding the Plaintiffs' services for Defendants Lindley, Watts, Aylstock and Holt. (Doc. 1 at ¶ 11; Doc. 18 at ¶ 6)

3.      Pursuant to the agreement, the Plaintiffs agreed to charge, and the Defendants agreed to pay, $200 per person tested, regardless

2

of whether that person tested negative or positive as a potential mass tort Fen-Phen client, along with travel expenses and a per diem. The Defendants also agreed to pay an additional $1,000 for each potential client who tested positive and on whom a settlement from the manufacturers of Fen-Phen was received. Pursuant to this agreement, the Plaintiffs tested approximately 3,124 individuals. (Doc. 1 at ¶¶ 15, 16; Doc. 18 at ¶¶ 9, 10; Exhibit A at ¶ 3)

4.    Although the Plaintiffs fulfilled all of their conditions under the agreement, a dispute arose as to Plaintiffs' entitlement to payment. On or about March 2, 2005, Plaintiffs and Defendant Lindley reached a settlement of this dispute. The settlement agreement was contained in that certain Letter of Understanding dated March 2, 2005. Pursuant to the Letter of Understanding, Plaintiffs were to receive $600,000 at the rate of $1,500 per client who was referred to the defendant law firms by Lindley and for whom a settlement or judgment was received, such payment to be made directly to Plaintiffs' counsel from settlement proceeds. In that agreement, Defendant Lindley stated that 453 cases were handled as positive cases by Lindley and four other law firms.[1] Defendant Lindley represented that he would forward the master list of cases and clients to each firm for

---

[1]    The four law firms other than Lindley, were Defendant Hackard & Holt, Defendant Aylstock, Defendant Watts, and the Mississippi firm of Gerald J. Diaz, Jr., PA ("Diaz"). Diaz has settled 8 Fen-Phen cases on which Plaintiffs provided testing and has made unconditional payment of $12,000 to Plaintiffs' counsel pursuant to the terms of the Letter of Understanding. (Exhibit D)

3

administration of payment of $1,500 per case directly to Plaintiffs' counsel upon receipt of settlement funds. (Doc. 1 at ¶¶ 27, 28; Ex. A at ¶ 6)

5.   On April 21, 2005, the Defendant Lindley sent correspondences to the Defendant law firms regarding the above-referenced agreement reached with the Plaintiffs, enclosed a master list of clients on which the Plaintiffs "originally performed the technician services" and on which the Plaintiff "should receive payment." Letters dated April 21, 2005 to the Defendant law firms are attached to the Verified Complaint (Doc. 1) as Exhibits B, C and D. Along with the April 21, 2005 letter to each Defendant law firm, each Defendant law firm was also served with a copy of the Letter of Understanding. (Doc. 1 at ¶¶ 30, 32; Doc. 18 at ¶¶ 22, 24)

6.   On or about August 31, 2005, the Honorable Jack G. Krona, Jr., attorney for Defendant Lindley, notified the Plaintiffs that the Defendant law firms agreed to honor the terms of the Letter of Understanding.   A copy of that letter is attached to the Verified Complaint (Doc. 1) as Exhibit E. (Doc. 1 at ¶ 31; Doc. 18 at ¶ 23)

7.   On or about October 10, 2005, Defendant Lindley again transmitted identical copies of the Letter of Understanding to the Defendant law firms. A copy of that letter is marked and attached to

4

the Verified Complaint (Doc. 1) as Exhibit F.  (Doc. 1 at ¶ 33; Doc. 18 at ¶ 24)

8.     In   accordance   with   the   terms   of   the   Letter   of Understanding, Defendants Watts and Aylstock have transmitted funds to Plaintiffs' counsel derived from the proceeds of Fen-Phen cases that have settled and upon which Plaintiffs provided testing.  (Doc. 17; Doc. 26)  These Defendants have acknowledged that these funds are payable to Plaintiffs based upon Fen-Phen referrals to them by Defendant Lindley and have authorized Plaintiffs' counsel to disburse these funds to the Plaintiffs with appropriate Court order.  (Doc. 17; Doc. 26)

9.     Defendant Aylstock has acknowledged that it settled claims on behalf of 115 Fen-Phen claimants upon whom Plaintiffs have proven they performed testing and related services, and upon whom payment is owed to the Plaintiffs.  Defendant Aylstock has therefore deposited with Plaintiffs' counsel the sum of $172,500.  (Doc. 17)

10.    Defendant Watts has acknowledged that it settled claims on behalf of 12 Fen-Phen claimants upon whom Plaintiffs have proven they performed testing, and upon whom payment is owed to the Plaintiffs.    Defendant Watts has therefore deposited with Plaintiffs' attorneys the sum of $12,000.  (Doc. 26)

11. Donna Hoover or Tammie Brooks, while serving as employees or representatives of Bridgeway, performed the testing and other related services for all of the clients identified by Defendants Aylstock and Watts. (Ex. A at ¶ 5; Ex. B at ¶ 4)

12. Plaintiffs have complied with all of the conditions of the Letter of Understanding. (Ex. A at ¶ 6)

13. Summary judgment should be granted if "there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact. *Celotex Corp.*, 477 U.S. at 322-23. Once the moving party has met its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual dispute exists only if the "jury could return a verdict for the non-moving party." *Damon v.*

*Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354, 1358 (11th Cir. 1999) (citation omitted). After the nonmoving party has responded to the motion for summary judgment, the Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

14.    There is no genuine issue of material fact precluding the Court from entering a partial summary judgment in favor of Plaintiffs against all remaining Defendants declaring that Plaintiffs are entitled to the proceeds which have been deposited with their counsel by Defendants Aylstock and Watts. Indeed, the Defendants who have deposited these funds make no claim to these proceeds and have acknowledged that these payments are made in accordance with the Letter of Understanding. Further, Plaintiffs have presented undisputed evidence, in support of this motion and in previous submissions, demonstrating that they are entitled to these proceeds under the terms of the Letter of Understanding. Notably, Defendants Lindley and Hackard & Holt have entered into a settlement agreement in their case styled *Todd Lindley, Lindley and Associates v. Hackard & Holt, et al.*, In the United States District Court for the Northern District of Texas, Case No. 3:05-CV-147-L (the "Texas Case"). (Ex. C) The terms of this settlement agreement were read into the proceedings of the Texas

Case, and adopted by that court as an order. (Ex. C at p. 22)[2]  In the settlement agreement/order, both Hackard & Holt and Lindley acknowledged and agreed that Bridgeway is entitled to payment pursuant to the terms of the Letter of Understanding.  The settlement agreement/order in the Texas Case contains the following provision:

> Fourteen, in cases where Bridgeway performed the echocardiogram, they will be paid per the agreement with Bridgeway or subsequent modifications of the agreement with Bridgeway.

(Ex. C at p. 9)  Plaintiffs have not received any payment from Hackard & Holt or Lindley from cases referred to Hackard & Holt.  It is Plaintiffs' understanding that such payments will be made in the coming months or weeks.  (Ex. C at p. 18)  Nevertheless, Defendants Lindley and Hackard & Holt's specific acknowledgment in the Texas Case that Bridgeway is entitled to payment is further compelling evidence that Plaintiffs are entitled to receive the funds deposited with Plaintiffs' counsel by Defendants Aylstock and Watts.

WHEREFORE, based upon the foregoing, Plaintiffs respectfully request that the Court enter a partial summary judgment, pursuant to Counts II, X and XI of the Verified Complaint, declaring that Plaintiffs

---

[2]    The Texas Case involves a payment dispute between Lindley and Hackard & Holt arising from approximately 1,100 Fen-Phen cases referred by Lindley to Hackard & Holt.  (Ex. C at p. 19).  A substantial number of those cases involved clients upon whom Plaintiffs performed testing and related services.

8

are entitled to receive the proceeds deposited with their counsel by

Defendants Watts and Aylstock.

Respectfully submitted, this the 2nd [3rd] day of July, 2007.

George L. Beck, Jr. (BEC011)
**Richard H. Allen (ALL052)**
**Arden Reed Pathak (PAT072)**
Attorneys for Plaintiffs

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069
Telephone: (334) 241-8000
Facsimile:   (334) 323-8888

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion for Partial Summary Judgment

has been delivered to the Defendants, at the addresses set forth

below, on this the _3rd_ day of July, 2007.

Todd Lindley, Esq.
LINDLEY & ASSOCIATES
5968 W. Northwest Highway, Suite 1806
Dallas, TX  75225

Theodore J. Holt, Esq.
11335 Gold Express Drive, #105
Gold River, California  95670

HACKARD & HOLT
c/o David Zarka, Esq.
11335 Gold Express Drive, #105
Gold River, California  95670

Phillip O. Watts, Esq.
Watts & Watts
101 N. Robinson, Suite 501
Oklahoma City, OK  73102

AYLSTOCK, WITKIN & SASSER, PLC
c/o Justin G. Witkin, Esq.
Post Office Box 1147
Gulf Breeze, Florida  32562-1147

George L. Beck, Jr.
Of Counsel

10

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED

2007 JUL -3 A 11: 16

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, an Alabama Limited Liability Company, and DONNA HOOVER, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CASE NO.  2:07-cv-76-WKW (WO) |
| TODD P. LINDLEY d/b/a LINDLEY & ASSOCIATES; THEODORE J. HOLT;HACKARD & HOLT, a Partnership, PHILIP O. WATTS ; WATTS & WATTS, a Partnership ; ALYSTOCK, WITKIN & SASSER, PLC | * * * * * * | **CASE UNDER SEAL** |
| Defendants. | * * | |

## AFFIDAVIT OF DONNA HOOVER

BEFORE ME, the undersigned authority, personally appeared Donna Hoover, who after being first duly sworn, states as follows:

1.    My name is Donna Hoover. I am over the age of 21 and have personal knowledge of the facts stated herein.

2.    I am the owner of Bridgeway Mobile Diagnostics, LLC and perform echocardiogram testing and screening services on behalf of Bridgeway. I have held these positions at all times relevant to this lawsuit.

3.    Pursuant to Bridgeway's original agreement with Defendants, Bridgeway agreed to charge, and Defendants agreed to

pay, $200 per person tested, regardless of whether that person tested negative or positive as a potential mass Fen-Phen client. Defendants also agreed to pay travel expenses of 32.5 cents per mile and $35.00 per diem. The Defendants also agreed to pay an additional $1,000 for each potential client who tested positive and on whom a settlement or judgment from the manufacturers of Fen-Phen was received. Pursuant to this agreement, the Plaintiffs tested approximately 3,124 individuals.

4.    I have reviewed the letter dated February 1, 2007 from Phil O. Watts to my attorney George L. Beck, Jr., and that certain letter from Justin G. Witkin dated January 29, 2007 to my attorney. Specifically, I have reviewed the list of Fen-Phen claimants identified in these correspondences, or attachments thereto, as Fen-Phen claimants upon whom payment is owed to Bridgeway. True and correct copies of these correspondences are attached hereto as Attachments 1 and 2. Mr. Watts identified 12 such Fen-Phen claimants and Mr. Witkin identified 115 Fen-Phen claimants.

5.    Bridgeway performed echocardiogram testing and screening services on all of the claimants identified by Mr. Watts and Mr. Witkin. I personally performed such service with respect to those claimants identified on Attachment 3 hereof.

6.    Although Bridgeway fulfilled all of its obligations under the agreement, a dispute arose regarding Bridgeway's entitlement to payment.    On or about March 2, 2005, the parties reached a settlement of this dispute.    The agreement was contained in that certain Letter of Understanding of March 2, 2005, a true and correct copy of which is attached to the Verified Complaint as Exhibit A. Pursuant to the Letter of Understanding, Bridgeway was to receive $600,000 at the rate of $1,500 per client who was referred to the defendant law firms by Lindley and for whom a settlement or judgment was received, such payment to be made directly to my attorney from settlement proceeds.

7.    Bridgeway has complied with all of its obligations under the Letter of Understanding and payment is due for all Fen-Phen claims which have settled and are subject to the Letter of Understanding.

This information is true and accurate to the best of my recollection at this time.

Donna Hoover
DONNA HOOVER

3

**STATE OF GEORGIA**         )
                           )

**COUNTY OF** _Forsyth_     )

       I, the undersigned, a Notary Public, in and for said County in said State, hereby certifies that Donna Hoover, whose name is signed to the foregoing, and who is known to me, acknowledged before me on this day that, being informed of the contents of same, she has executed the same voluntarily on the day the same bears date.

       Given under my hand and official seal this _29th_ day of _June_, 2007.

                        _Morgan Blah_
                        Notary Public

My commission expires _oct/12/2010_

4



# WATTS & WATTS
## Attorneys at Law

Philip O. Watts, P.C.
Beverley Q. Watts, P.C.

The Oklahoma Tower
210 Park Avenue, Suite 1110
Oklahoma City, OK 73102

Telephone: 405.239.2177
Facsimile: 405.239.2822
E-MAIL: wattslawoffices@coxinet.net

February 1, 2007

**VIA U.S. MAIL AND FACSIMILE 334-323-8888**

George L. Beck, Jr., Esq.
Capell & Howard
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069

      RE:    Bridgeway Mobile Diagnostics, LLC
               Todd Lindley Phen-Fen referral cases

Dear George:

    I enjoyed our telephone conversation and wish you the best of luck in your continued collection efforts.

    Per our discussion, I have tendered herewith my trust account check in the amount of $12,000.00 representing payment in connection with the following claimants: Susan Boese, Marjorie Cawood, Carol Combest, Hal Lovett, Lana Percival, Loretta Sawyer, Madeline Shadoan, and Carin Slone.

    This tender is being made subject to my understanding, and upon the condition that, I will be dismissed with prejudice in connection with the above-captioned litigation in consideration of the tendered payment. If your understanding is any different, please let me know.

Sincerely,

Philip O. Watts

POW:dr
cc:    Enclosure

**ATTACHMENT 1
TO
AFFIDAVIT OF
DONNA HOOVER**



Bryan F. Aylstock (FL, AL, MS)*
Justin G. Witkin (FL, MS)
William F. Sasser (MO, IL)
Douglass A. Kreis (FL)
Neil D. Overholtz (FL)
R. Jason Richards (CO)
Joshua A. Jones (FL)
Russell H. Rein (NY, NJ)

4400 Bayou Boulevard
Suite 58-A
Pensacola, FL 32503
Telephone: (850) 916-7450
Facsimile:  (850) 932-0280
Toll Free:  (877) 810-4808
www.AWS-LAW.com

Kenneth W. Smith (FL,VA, DC,MS)
Of Counsel

* States in which attorney is licensed to practice law

# FAX COVER SHEET

TO:          George Beck
FAX NO:      (334) 323-8888
FROM:        Justin Witkin
DATE:        January 29, 2007

No. of Pages:    11_  (including cover page)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please see attached.

\*\*\* IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CONTACT _____Ashley Broach_____ AT (850) 916-7450\*\*\*

**ATTACHMENT 2
TO
AFFIDAVIT OF
DONNA HOOVER**



# AWS

**Aylstock, Witkin & Sasser, PLC**
Consumer Justice Attorneys
4400 Bayou Boulevard, Suite 58 • Pensacola, Florida 32503-2673
Phone: (850) 916-7450 • Fax: (850) 916-7449 • Toll Free: (877) 810-4808
www.aws-law.com

Bryan F. Aylstock (FL, AL, MS)*
Justin G. Witkin (FL, MS)
William F. Sasser (MO, IL)

Kenneth W. Smith (FL, VA, DC, MS)
*Of Counsel*
*States in which attorney is licensed to practice law

Douglass A. Kreis (FL)
Neil D. Overholtz (FL)
R. Jason Richards (FL, CO)
Joshua A. Jones (FL)
Russell H. Rein (NY, NJ)

January 29, 2007

George Beck, Jr.
Capell & Howard P.C.
P.O. Box 2069
Montgomery, AL 36102-2069

**Re: Bridgeway Mobile Diagnostics, LLC
Echo Money Set Aside**

Dear George,

Pursuant to our conversation of Friday, January 26, 2007, I reviewed the list of individuals you provided in your correspondence of December 14, 2006, to determine which, if any, we represent. After completing that review, I have determined that we accepted representation of 115 of those individuals and their names are reflected on the enclosed grid. I further determined that we rejected representation of 28 other persons included in your December 14 list and a separate list of those individuals is enclosed herein.

I understand that it is your position that Todd Lindley owes your client $1,500.00 for testing your client performed on each of the individuals identified in your December 14 correspondence. In exchange for your agreement to immediately dismiss Aylstock, Witkin & Sasser, PLC from the complaint you filed January 26, 2007, captioned Bridgeway Mobile Diagnostics, LLC and Donna Hoover v. Todd P. Lindley d/b/a Lindley & Associates, Theodore J. Holt, Hackard & Holt, a partnership, Philip O. Watts; Watts & Watts, a partnership; Aylstock, Witkin & Sasser, a Florida Professional Limited Company, I will agree to set aside $172,500.00 - $1,500.00 for each of the 115 clients we represent on your December 14 list - in a separate bank account with details on that account to be provided once this agreement has been finalized. I will hold the $172,500.00 in said account until such time as I receive an Order from a court of competent jurisdiction or an agreement signed by you and Todd Lindley setting forth the amount that Mr. Lindley is to pay you for your client's services provided to my 115 clients.

If this proposal is acceptable, please sign on the line indicated below. Please provide me with a copy of the Notice of Dismissal of Aylstock, Witkin & Sasser, PLC from the above-referenced action within 48 hours of the acceptance of this agreement. In exchange, I will provide you with the account number in which I have placed the $172,500.00 at issue.

---

55 Baybridge Drive
Gulf Breeze, Florida 32561
Phone: (850) 916-7450

2499 Glades Road, Suite 107
Boca Raton, Florida 33431
Phone: (561) 347-1318

1855 Lakeland Drive, Suite R-306
Jackson, Mississippi 39216
Phone: (877) 810-4808

Page Two
Dear George Beck
January 29, 2007

    If you have any questions, please contact me immediately

              Sincerely,

              Justin G. Witkin

JGW/aeb
Enclosures

cc: Todd Lindley, Esquire

                      GEORGE BECK, JR

FINALS AND/OR TAPES
NEEDED FROM DONNA
AS OF 1/3/02

| Name | St. | Result | FINAL IN? | Tape? | Test | AWS/HH/LL | |
|------|-----|--------|-----------|-------|------|-----------|---|
| Gorby, Robert | FL | matrix | NO | Garcia | 4/6/02 | AWS | |
| Secord, Mardula | FL | matrix | NO | Garcia | 4/7/02 | AWS | Garcia read? Can't find final |
| Matthews, Carolyn | FL/ | matrix | NO | Donna | 4/7/02 | AWS | |
| DaCosta, Juliana | FL | FDA | NO | Garcia | 4/8/02 | AWS | |
| Giannasoli, Stephen | FL | matrix | NO | Garcia | 4/8/02 | AWS | |
| Frame, Bonnie | TN | matrix | NO | Garcia | 4/19/02 | AWS | |
| Coleman, Chalaundra | TN | matrix | NO | Donna | 4/22/02 | AWS | |
| Glaub, Nita Louann | TN | matrix | NO | Garcia | 4/24/02 | AWS | |
| Greene, Evelyn | AR | matrix | NO | Donna | 4/25/02 | AWS | |
| Anderson, Andrea | TN | matrix | NO | Donna | 4/29/02 | AWS | |
| Fontenot, Brenda | TX | matrix | NO | Garcia | 4/29/02 | AWS | |
| Jackson, Yolanda | TX/ | matrix | NO | Garcia | 4/29/02 | AWS | Greg |
| Smith, Linda | AL/ | matrix | NO | Donna | 5/20/02 | AWS | |
| Stone, Margie | OK/ | matrix | NO | Tammie | 6/3/02 | AWS | |
| Horn, Melba | TX/ | matrix | NO | Donna | 6/5/02 | AWS | think Brazil read; can't find final |
| Williams, Fannie | NV/ | mtrx | NO | Donna | 7/1/02 | AWS | You or Mancina may have this |
| Fair, Gloria | AL | Matrx | NO | Donna | 7/6/02 | HH | |
| Hauswirth, Sandra | CA | FDA | NO | Tammie | 7/9/02 | HH | |
| Owens, Cornelia | AL/ | Mobile | NO | Donna | 7/10/02 | AWS | |
| McCoy, Betty | | | NO | Tammie | 7/15/02 | HH | Brazil may have read/don't have |
| King, Kimberly | CA/ | matrix | NO | Tammie | 7/15/02 | HH | |
| Holtz, Sandy | CA | | NO | Tammie | 7/16/02 | HH | |
| Johnson, Lucinda | FL/ | matrix | NO | Donna | 7/21/02 | AWS | |
| Wright, Lynda Kay | FL/ | Mtrx | NO | Donna | 7/21/02 | AWS | |
| Flowers, Pamela | TN | Mtrx | NO | Donna | 7/22/02 | AWS | |
| Richardson, Angela | TN/ | FDA | NO | Tammie | 7/22/02 | HH | |
| Taylor, Betty | TN | | NO | Tammie | 7/22/02 | HH | |
| McDougle, Steven | TN/ | matrix | NO | Donna | 7/22/02 | AWS | |
| Watson, Melissa | AR/ | matrix | NO | Donna | 7/22/02 | AWS | |
| Dunn, Carol | GA | matrix | NO | Donna | 7/24/02 | AWS | |
| Raynor, Audrey | FL/ | matrix | NO | Donna | 7/24/02 | AWS | |
| Thomas, Mary Beth | TN/ | Mtrx | NO | Donna | 7/24/02 | AWS | |
| Venable, Hattie | AL/ | Mtrx | NO | Donna | 7/24/02 | AWS | |
| Steil, Phyllis | FL/ | Mtrx | NO | Donna | 7/25/02 | AWS | |
| Hernandez, Dora | OK | FDA | NO | Tammie | 7/26/02 | HH | |
| Nichols, Suzin | OK | FDA | NO | Tammie | 7/26/02 | HH | |
| Miller, Nikki | TX/ | FDA | NO | Donna | 7/26/02 | AWS | |
| Trevino, Priscella | OK/ | FDA | NO | Donna | 7/27/02 | AWS | |
| Wyatt, Tracy | OK/ | FDA | NO | Donna | 7/27/02 | AWS | |
| Ballard, Shelba | TX | FDA | NO | Donna | 7/29/02 | AWS | |
| Laster, Beverly | TX/ | matrix | NO | Donna | 7/29/02 | AWS | |
| Malone, James | TX/ | matrix | NO | Donna | 7/29/02 | AWS | |
| Peterson, Sandy | TX/ | matrix | NO | Donna | 7/29/02 | AWS | |
| Rodriguez, Alexia | TX/ | Mtrx | NO | Donna | 7/29/02 | AWS | |
| Zbylut, Melissa | TX/ | FDA | NO | Donna | 7/29/02 | AWS | |
| Hatley, Shelly | TX | FDA | NO | Tammie | 8/3/02 | AWS | |
| Fraley, Jeen | MO | Mtrx | NO | Tammie | 8/5/02 | AWS | |
| Edge, Eva | NC | FDA | NO | IN | 8/6/02 | HH | |
| Baine, Lynn | MO | matrix | NO | Donna | 8/12/02 | HH | |
| Stevens, Patty | OK/ | FDA | NO | Donna | 8/14/02 | AWS | |
| Sawyers, Larry | OK/ | Pos by PA | NO | Tammie | 8/15/02 | HH | |
| Roe, Christie | CA | matx | NO | Donna | 8/17/02 | HH | |
| Holster, Cindy | CA/ | FDA | NO | Donna | 8/17/02 | AWS | |
| Akins, Willie | MO | FDA | NO | Donna | 8/18/02 | HH | |
| Guerin, Daneen | | FDA | NO | Tammie | 8/23/02 | HH | |
| Evans, Elizabeth | WA | matx | NO | Tammie | 8/25/02 | HH | |
| Dixon, Mattie | AL | matrix | NO | Donna | 9/9/02 | AWS | |
| Reynolds, Louise | AL/ | matrix | NO | Donna | 9/9/02 | AWS | |
| Fairley, Claireece | MS | matrix | NO | Donna | 9/10/02 | AWS | |
| McBride, Kathy | AL/ | FDA | NO | Tammie | 9/10/02 | AWS | |

## FINALS AND/OR TAPES
## NEEDED FROM DONNA
### AS OF 1/3/02

| Name | State | Type | | Who | Date | Code | Notes |
|---|---|---|---|---|---|---|---|
| Murphy, Norma | AL/ | matrix | NO | Donna | 9/11/02 | AWS | |
| Williams, Peggy | MS | matrx | NO | Tammie | 9/12/02 | HH | |
| Pope, Alisa | TN/Memphis | | NO | Donna ? | 9/12/02 | AWS | Garcia rereading |
| Corneaux, Patricia | LA | FDA | NO | Donna | 9/14/02 | AWS | |
| | | | NO | Donna | 9/16/02 | HH | |
| Guerrero, Rosemarie | TX | matx | NO | Tammie | 9/16/02 | HH | |
| Smith, Ingrid | KS/ | matrix | NO | Donna | 9/17/02 | AWS | |
| | MO | FDA | NO | Donna | 9/18/02 | HH | |
| Cassity, Shirley | MO | fDA | NO | Donna | 9/18/02 | HH | |
| Decker, Audrey | TX | Matrix | NO | Tammie | 9/18/02 | HH | |
| McGann, Paula | TX | FDA | NO | Tammie | 9/18/02 | HH | |
| Tenorio, Annie | TX | FDA | NO | Tammie | 9/18/02 | HH | |
| Toliver, Sonda | TX | Matrx | NO | Tammie | 9/18/02 | HH | |
| Blanco, Blanca | TX | matrix | NO | Donna | 9/20/02 | AWS | |
| | OK | matrix | NO | Donna | 9/20/02 | AWS | |
| Caplinger, Lynda | TX/ | | NO | Donna | 9/20/02 | AWS | |
| Thrash, Martha | TX | | NO | Tammie | 9/20/02 | HH | |
| Barnhisel, Lee | OK | FDA | NO | Donna | 9/20/02 | HH | |
| Horton, Joy | OK/ | FDA | NO | Donna | 9/20/02 | HH | |
| Ketterling, Ted | OK/ | matrix | NO | Donna | 9/20/02 | AWS | |
| Alcorta, Yolanda | TX | FDA | NO | Donna | 9/21/02 | AWS | |
| Capone, Emma | TX | matrix | NO | Donna | 9/21/02 | AWS | |
| Culver, Donna | TX | matrix | NO | Donna | 9/21/02 | AWS | |
| Goddard, Vangie | OK | Mtrx | NO | Donna | 9/21/02 | AWS | |
| Dugger, Betty | OK | FDA | NO | Donna | 9/21/02 | HH | |
| Mainus, Terry | OK | FDA | NO | Donna | 9/21/02 | HH | |
| Jiles, Terrye | TX/Collin | | NO | Donna | 9/21/02 | AWS | |
| Newsom, Teri | TX/Collin | | NO | Donna | 9/21/02 | AWS | |
| Winters, Melissa | TX/ | FDA | NO | Donna | 9/21/02 | AWS | |
| Plumlee, Deborah | OK | matx | NO | Donna | 9/22/02 | HH | |
| Hudson, Sherilyn | TX/ | FDA | NO | Donna | 9/22/02 | AWS | |
| Thein, Barbara | OK/ | FDA | NO | Donna | 9/22/02 | AWS | |
| Behrens, Carla | KS | | NO | Donna | 9/23/02 | AWS | |
| Buchanan, Carolyn | OK | FDA | NO | Donna | 9/23/02 | AWS | |
| Davis, Sandra M. | LA | matrix | NO | Donna | 9/23/02 | AWS | |
| Giles, Dava | TX | matrix | NO | Tammie | 9/23/02 | AWS | |
| Benson, Cynthia | OK | FDA | NO | Donna | 9/23/02 | HH | |
| Whittaker, Miranda | OK | FDA | NO | Donna | 9/23/02 | HH | |
| McEwen, Lola | OK/ | Mtrx | NO | Donna | 9/23/02 | AWS | |
| Berry-Kozak, Nancy | OK | FDA | NO | Donna | 9/24/02 | HH | |
| Myers, Viola | OK/ | matrix | NO | Donna | 9/24/02 | AWS | |
| Nichols, Christine R. | TX/ | matrix | NO | Donna | 9/24/02 | AWS | |
| Proctor, Debra | TX/ | matrix | NO | Donna | 9/24/02 | AWS | |
| Wilkinson, John | LA/ | matrix | NO | Donna | 9/24/02 | AWS | |
| Roan, Sandy | MS/ | matrix | NO | Donna | 9/26/02 | AWS | |
| Forrest, Sharon | MS | matrx | NO | Tammie | 9/28/02 | AWS | |
| Gavin, Mary | MS | matrx | NO | Tammie | 9/28/02 | AWS | |
| Hill, Ethel Mae | MS | matrix | NO | Tammie | 9/28/02 | AWS | |
| Johnson, Irenner | MS/ | matrx | NO | Donna | 9/28/02 | AWS | |
| Oliver, Carlee | MS/ | matrx | NO | Donna | 9/28/02 | AWS | |
| Oliver, Patricia | MS/ | FDA | NO | Donna | 9/28/02 | AWS | |
| Pierce, Janice | MS/ | matrx | NO | Donna | 9/28/02 | AWS | |
| McCorkle, Willard | MS/ | FDA | NO | Donna | 9/29/02 | AWS | |
| Bell, Jackie | LA | matrix | NO | Donna | 9/30/02 | AWS | |
| Harris, Yolanda A. | FL | matrix | NO | Tammie | 10/3/02 | AWS | |
| Bond, Yolanda | TN | fDA | NO | Donna | 10/6/02 | HH | |
| Akridge, Winnie | TN | matrix | NO | Donna | 10/7/02 | HH | |
| Johnson, Mildred | FL/ | matrix | NO | Donna | 10/7/02 | AWS | |
| Beckta, Teresa | FL | | NO | Donna | 10/8/02 | AWS | |
| Nigro-Haggerty, Kathleen | FL/ | FDA | NO | Tammie | 10/8/02 | HH | |
| Miller, Juli | OR/ | FDA | NO | Tammie | 10/12/02 | HH | |

FINALS AND/OR TAPES
NEEDED FROM DONNA
AS OF 1/3/02

| Name | State/Type | | Person | Date | Notes |
|---|---|---|---|---|---|
| Tiner, Lisa | OR | matrix | NO | Donna | 10/12/02 AWS |
| Slater, Sandra | WA | | NO | Tammie | 10/14/02 HH |
| McColm, Patricia | WA | matrx | NO | Tammie | 10/14/02 HH |
| Seek, Barbara Ann | WA | matrix | NO | Tammie | 10/15/02 AWS |
| Amadeo, Theresa | WA | matrix | NO | Donna | 10/15/02 AWS |
| Beecher, Linda | WA | matx | NO | Donna | 10/15/02 HH |
| Brown, Celia M. | WA | FDA | NO | Tammie | 10/15/02 HH |
| Greer, Charlene | WA | FDA | NO | Tammie | 10/15/02 HH |
| Johnson, Corrine | WA | matrx | NO | Tammie | 10/15/02 HH |
| O'Brien, Shirley | WA | FDA | NO | | 10/15/02 HH |
| ~~Blackmon, Susan~~ | WA | matrix | NO | Donna | 10/15/02 AWS |
| Archambeau, Eleanor | WA | matrix | NO | Donna | 10/17/02 AWS |
| Schmitz, Ramona | WA | matx | NO | Tammie | 10/17/02 HH |
| Reeck, Kathy | ID | FDA | NO | Tammie | 10/18/02 HH |
| Christenson, Sheron | UT | FDA | NO | Donna | 10/20/02 AWS |
| Chernin, Larry | CA | matrix | NO | Tammie | 10/20/02 HH |
| Andreasen, Vicki | UT | matrix | NO | Donna | 10/21/02 AWS |
| Baumgardner, Loveit | UT | matrix | NO | Donna | 10/21/02 AWS |
| Bradley, Carolyn | UT | FDA | NO | Donna | 10/21/02 AWS |
| Hardy, Sherrie | UT | matrix | NO | Tammie | 10/21/02 AWS |
| Harmon, Jeanie | UT | matrix | NO | Tammie | 10/21/02 AWS |
| Jensen, Lois | UT | FDA | NO | Donna | 10/21/02 AWS |
| Littlewood, Dani | UT | FDA | NO | Donna | 10/21/02 AWS |
| Neilson, Marlene | UT | matrix | NO | Donna | 10/22/02 AWS | Gre; think been read, can't find |
| Poulsen, Carrie | UT | FDA | NO | Donna | 10/22/02 AWS |
| Bouck, Kathy | UT | matrix | NO | Donna | 10/23/02 AWS |
| Huber, Robin | UT | matrix | NO | Donna | 10/23/02 AWS | Greg |
| Armstrong, Beverly | WA | matx | NO | Donna | 10/24/02 HH |
| Miller, Cassandra | KY | FDA | NO | Tammie | 10/31/02 HH |
| Phillips, Jennifer | KY | matrix | NO | Tammie | 10/31/02 HH |
| Lackey, Andy | TX | FDA | NO | Donna | 11/8/02 AWS |
| Moucka, Kim | TX | matrix | NO | Tammie | 11/8/02 AWS |
| West, Annette | Ok | matx | NO | Tammie | 11/9/02 HH |
| Johnson, Joyce | OK | matrix | NO | Tammie | 11/9/02 AWS |
| Ratliff, Debra | TX | matrix | NO | Donna | 11/18/02 AWS |
| Bardsley, Dolly | UT | FDA | NO | Donna | | AWS |
| Frank, Terrance | AL | matrix | YES | Donna | 3/25/02 |
| Hoth, Sylvia | AL | FDA | YES | Garcia | 3/25/02 |
| Knicely, Peggy | FL | matrix | YES | Donna | 4/3/02 |
| Stark, Jacqueline | FL | Mtrx | YES | Donna | 4/3/02 |
| Williams, Helen | AL/Robertsdale | YES | Donna | 4/3/02 |
| Veasey, Sherrie | FL | FDA | YES | Donna | 4/4/02 |
| Lewis, Evelyn | FL | matrix | YES | Donna | 4/7/02 |
| Mauser, Elenore | PA | matrix | YES | Donna | 4/7/02 |
| Ross, Karen | FL/COLLIER? | YES | Donna | 4/7/02 |
| Dankert, Jencie | FL | matrix | YES | Donna | 4/8/02 |
| Miller, Sheila | FL/ St. James | YES | Donna | 4/8/02 |
| Milner, Joseph | FL | matrix | YES | Donna | 4/8/02 |
| Mitchell, Cassandra | FL/LEE | YES | Donna | 4/8/02 |
| Mitchell, Che | FL/Sarasota | YES | Donna | 4/8/02 |
| Thomas, Linda K. | FL/Lake City | YES | Donna | 4/12/02 |
| Nations, Linda | TN | matrix | YES | Donna | 4/19/02 Sokolove Case 10% |
| Bobo, Walteen | TN | matrix | YES | Donna | 4/19/02 |
| Price, Belinda | GA | matrix | YES | Donna | 4/20/02 (Garcia) |
| Burgess, Brenda | AR | matrix | YES | Donna | 4/22/02 |
| Schnulo, Beverly | MS/DE SOTO | YES | Donna | 4/22/02 |
| Shipley, Grant | TN/Montford | YES | Donna | 4/22/02 |
| Whitley, Faith | TN | matrix | YES | Donna | 4/22/02 |
| Wooten, Teresa | MS | matrix | YES | Donna | 4/23/02 Garcia |
| Harper, Connie | TN | FDA | YES | Donna | 4/23/02 |
| Hopper, Ruby | TN | matrix | YES | Garcia | 4/23/02 |

## FINALS AND/OR TAPES
### NEEDED FROM DONNA
### AS OF 1/3/02

| Name | State/Type | YES | Person | Date | Notes |
|---|---|---|---|---|---|
| Irons, Yvonne | TN/ matrix | YES | Donna | 4/23/02 | |
| Worley, Dorothy | MS matrix | YES | Donna | 4/23/02 | |
| Wright, Doris | TN/ Mtrx | YES | Donna | 4/23/02 | |
| Cole, Emma | TN/ matrix | YES | Donna | 4/24/02 | Sokolove |
| Green, Retia | AR/ FDA | Yes | Garcia | 4/24/02 | |
| Wilson, Thomas | MS matrix | YES | Donna | 4/24/02 | |
| Elliott, Faye | AR/JEFFERSO | YES | Donna | 4/25/02 | |
| Hawkins, Judy | TX/ matrix | YES | Donna | 4/27/02 | Greg |
| Seay, Gracia | MS/ matrix | YES | Donna | 4/28/02 | |
| Stuart, Lydia Mayleh | TX/COLLIN | YES | Donna | 4/28/02 | |
| Foxx, Regina | TX/ matrix | YES | Donna | 4/29/02 | Greg Abel Case: Dr. Hawkins may have more pi |
| Barnes, Jacqueline | AL/ Tuscaloosa | YES | Donna | 4/29/02 | |
| Farrar, Danice | TX/ matrix | YES | Donna | 4/29/02 | |
| Smith, Cynthia | AL/ FDA | YES | Donna | 5/6/02 | |
| Gandy, Juanita | MS matrix | YES | Donna | 5/14/02 | |
| Mangrum, Glenda | AR/ matrix | YES | Donna | 5/30/02 | |
| Wilson, Alice | TX/ matrix | YES | Donna | 6/3/02 | |
| Moody, Miken | UT/ matrix | YES | Donna | 6/21/02 | |
| Morrow, Virginia | GA matrix | YES | Donna | 7/15/02 | Brazil |
| Edney, Lura | MS matrix | YES | Donna | 7/16/02 | |
| Hunt, Norma | MS matrix | YES | Donna | 7/16/02 | |
| Jones, Shauna | TN/ matrix | YES | Donna | 7/18/02 | |
| Whitley, Rose | TN/ FDA | YES | Donna | 7/19/02 | |
| Holmes, Josephine | TN/ FDA | YES | Donna | 7/20/02 | |
| McWay, Willie Mae | TN/ matrix | YES | Donna | 7/20/02 | |
| Nash, Jacquelyn | TN/ matrix | YES | Donna | 7/21/02 | |
| Watkins, Rhonda | TN/ FDA | YES | Donna | 7/22/02 | AWS Tape only |
| Hamilton, Geraldine | GA matrix | YES | Donna | 7/26/02 | HH |
| Dees, Ed | TX/ Mtrx | YES | Donna | 7/29/02 | |
| Adams, Glenda | TX matrix | YES | Donna | 7/31/02 | HH |
| Kasparek, Helen | TX Matrx | YES | Tammie | 7/31/02 | HH Case |
| Loudermilk, Johnsie | NC Matrx | YES | Donna | 8/2/02 | HH Case tape only |
| Johnson, Marian Virginia | TX/ matrix | YES | Donna | 8/3/02 | |
| McAlpin, Catherine | TX/ matrix | YES | Donna | 8/3/02 | |
| Strother, Anthony | TX/ FDA | YES | Donna | 8/3/02 | |
| Robertson, Darlene | CA matrix | YES | Donna | 8/20/02 | Hastey final |
| Lee, Wendy | WA FDA | YES | Donna | 8/23/02 | Brazil did final |
| Hall, Dianne | | YES | Tammie | 8/26/02 | HH |
| Foldager, Tanya | OR Matx | YES | Donna | 8/27/02 | HH |
| Lindsay, Grace | OR matx | YES | Donna | 8/27/02 | HH Case tape only |
| Lyon, James | OR matx | YES | Tammie | 8/27/02 | HH Case tape only |
| Lane, Joyce | OR matrix | YES | Tammie | 8/29/02 | HH Case |
| Dickson, Robert | SC FDA | YES | Donna | 9/6/02 | HH |
| Manning, Ella | TX Matrx | YES | Tammie | 9/22/02 | HH Case tape only |
| Houston, Sheryl | TX/ matrix | YES | Donna | 9/22/02 | |
| Nelson, Charlotte | LA Matrx | yes | Tammie | 9/24/02 | HH Case tape only |
| Harris, Dorothy | MS Matrx | YES | Tammie | 9/26/02 | HH |
| Howard, Gary | MS matrix | YES | Donna | 9/26/02 | |
| Cook, Betty Jean | TN FDA | YES | Tammie | 9/29/02 | HH |

ACCEPTED CLIENTS

| LName | FName | MName |
|---|---|---|
| Alcorta | Yolanda | |
| Amadeo | Theresa | M. |
| Anderson | Andrea | Amia |
| Andreason | Vickie | L. |
| Archambeau | Eleanor | M. |
| Ballard | Shelba | Jean |
| Bardsley | Dolly | |
| Barnes | Jacqueline | E. |
| Baumgardner | Loveit | |
| Beckta (Jones) | Teresa | |
| Behrens | Carla | |
| Bell | Jackie | Goodrich |
| Blanco | Blanca | Stella |
| Blankenstein | Wanda | M. |
| Bobo | Walteen | |
| Bradley | Carolyn | R. |
| Buchanan | Carolyn | Ann |
| Burgess | Brenda | |
| Burton | Deana | Kay |
| Caplinger | Lynda | |
| Capone | Emma | B. |
| Christensen | Sheron | D. |
| Cole | Emma | |
| Culver | John | |
| DaCosta | Juliana | |
| Dankert | Jencie | V. |
| Davis | Sandra | M. |
| Dees | Ed | |
| Dixon | Mattie | Monika |
| Edney | Lura | |
| Elliott | Faye | |
| Flowers | Pamela | |
| Foxx | Regina | Christine |
| Frame-Moffet | Bonnie | M |
| Frank | Terrance | J. |
| Giannasoli | Stephen | |
| Giles | Dava | Louise |
| Glaub | Nita | Louann |
| Goddard | Vangie | M. |

| Gorby | Justin | |
| Hardy | Sherrie | |
| Harmon | Jeanie | |
| Harper | Connie | |
| Harris | Yolanda | A. |
| Hawkins | Judy | |
| Hernandez | Dora | M. |
| Hill | Ethel | Mae |
| Horn | Melba | |
| Horton | A. | Joy |
| Hoth | Sylvia | |
| Howard | Gary | |
| Hudson | Sherilyn | |
| Hunt | Norma | J. |
| Irons | Yvonne | |
| Jackson | Yolanda | |
| Johnson | Irenner | |
| Johnson | Lucinda | |
| Jones | Shauna | |
| Knicley | Peggy | |
| Lackey | Andrew | L. |
| Laster | Beverly | Kay |
| Lee | Wendy | Kay |
| Lewis | Evelyn | Gail |
| Littlewood | Dani | |
| Malone | James | L. |
| Mangrum | Glenda | Gail |
| Matthews | Carolyn | D. |
| Mauser | Eleanor | M. |
| McBride | Kathy | |
| McWay | Willie | May |
| Miller | Nikki | |
| Miller | Sheila | M. |
| Mitchell | Cassandra | |
| Mitchell | Che | |
| Moody | Miken | |
| Morrow-Mead | Virginia | J. |
| Myers | Viola | |
| Nash | Jacquelyn | |
| Nations | Linda | T. |
| Neilson | Marlene | |
| Newsome | Teresa | |
| Peterson | Sandy | |
| Poulsen | Carrie | Bryant |
| Price | Alvis | Belinda |
| Raynor | Audrey | Joy |
| Reynolds | Louise | |

| | | |
|---------|---------|---------|
| Roan | Sandy | |
| Ross | Karen | |
| Schnulo | Beverly | |
| Seay | Gracia | Mae |
| Secord | Mardula | |
| Seek | Barbara | |
| Shipley | Phillip | Grant |
| Smith | Cynthia | |
| Smith | Linda | F |
| Stoll | Phyllis | |
| Stuart | Lydia | Maylene |
| Thein | Barbara | |
| Thomas | Linda | K. |
| Thomas | Mary | Beth |
| Tiner | Lisa | |
| Veasey | Sherrie | |
| Venable | Hattie | |
| Watkinson | Susan | |
| Whitley | Faith | |
| Whitley | Rose | |
| Wilkinson | John | |
| Williams | Fannie | M. |
| Williams | Helen | |
| Wilson | Alice | |
| Wooten | Teresa | |
| Worley | Dorothy | |
| Wright | Doris | |
| Wright | Lynda | K. |
| Zbylut | Melissa | |

REJECTED CLIENTS

Coleman, Chalaundra
Comeaux, Patricia
Dunn, Carol
Fairiey, Claireece
Fontenot, Brenda
Forrest, Sharon
Gandy, Juanita
Gavin, Mary
Green, Retia
Greene, Evelyn
Hatley, Shelly
Huber, Robin
Jensen, Lois
Johnson, Marian Virginia
McCorkle, Willard
McDougle, Steven
Miller, Joseph
Murphy, Norma
Oliver, Carlee
Oliver, Patricia
Owens, Cornelia
Pierce, Janice M matrx
Proctor, Debra
Rodriguez, Alexia
Stark, Jacqueline
Trevino, Priscella
Watson, Melissa
Winters, Melissa

# ATTACHMENT 3
## TO
## AFFIDAVIT OF DONNA HOOVER

Anderson, Andrea
Barnes, Jacqueline
Behrens, Carla
Bobo, Walteen
Boese, Susan
Buchanan, Carolyn
Burgess, Brenda
Burton, Deana
Cole, Emma
Combest, Carol
DaCosta, Juliana
Dankert, Jencie
Edney, Lura
Foxx, Regina
Frame-Moffett, Bonnie
Giannasoli, Stephen
Glaub, Nita
Goddard, Vangie
Gorby, Robert
Harper, Connie
Hawkins, Judy
Horn, Melba
Horton, A. Joy
Hoth, Sylvaia
Irons, Yvonne
Jackson, Yolanda
Knicley, Peggy
Lewis, Evelyn Gail
Lovett, Hal
Matthews, Carolyn D.
Mauser, Eleanor M.
Miller, Sheila
Mitchell, Cassandra
Mitchell, Che
Nations, Linda T.
Price, Alvis Belinda
Raynor, Audrey Joy
Ross, Karen
Schnulo, Beverly

Seay, Gracia Mae
Secord, Mardula
Shadoan, Madeline
Shipley, Philip Grant
Smith, Cynthia
Stoll, Phyllis
Stuart, Lydia Maylene
Terrance, Frank
Thein, Barbara
Thomas, Linda K.
Thomas, Mary Beth
Veasey, Sherrie
Whitley, Faith
Williams, Helen
Wilson, Alice
Wooten, Teresa
Worley, Dorothy
Wright, Doris
Wright, Lynda K.

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, an Alabama Limited Liability Company, and DONNA HOOVER, *<br>*<br>*<br>*<br>* | |
| Plaintiffs, * * | |
| v. * * | CASE NO. 2:07-cv-76-WKW (WO) |
| TODD P. LINDLEY d/b/a LINDLEY & ASSOCIATES; THEODORE J. HOLT;HACKARD & HOLT, a Partnership, PHILIP O. WATTS ; WATTS & WATTS, a Partnership ; ALYSTOCK, WITKIN & SASSER, PLC *<br>*<br>*<br>*<br>* | **CASE UNDER SEAL** |
| Defendants. * | |

## AFFIDAVIT OF TAMMIE BROOKS

BEFORE ME, the undersigned authority, personally appeared Tammie Brooks, who after being first duly sworn, states as follows:

1.    My name is Tammie Brooks.  I am over the age of 21 and have personal knowledge of the facts stated herein.

2.    I am a technician for Bridgeway Mobile Diagnostics, LLC.  I have held this position at all times relevant to this lawsuit.

3.    I have reviewed the letter dated February 1, 2007 from Phil O. Watts to attorney George L. Beck, Jr., and that certain letter from Justin G. Witkin dated January 29, 2007 to such attorney. Specifically, I have reviewed the list of Fen-Phen claimants identified in

these correspondences as claimants upon whom payment is owed to Bridgeway.

4.    In my capacity as technician for Bridgeway, I personally performed echocardiogram testing and screening services on the claimants identified on Attachment 1.

This information is true and accurate to the best of my recollection at this time.

Tammie Brooks

**TAMMIE BROOKS**

**STATE OF ~~GEORGIA~~** ALABAMA )
                                                           )
**COUNTY OF** montgomery    )

I, the undersigned, a Notary Public, in and for said County in said State, hereby certifies that Tammie Brooks, whose name is signed to the foregoing, and who is known to me, acknowledged before me on this day that, being informed of the contents of same, she has executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 29 day of June , 2007.

Keli CBradley
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES:  Jan 21, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My commission expires _____

2

# ATTACHMENT 1
## TO
## AFFIDAVIT OF TAMMIE BROOKS

Alcorta, Yolanda
Amadeo, Theresa
Andreason, Vickie
Archambeau, Eleanor
Ballard, Shelba Jean
Bardsley, Dolly
Baumgardner, Loveit
Bell, Jackie Goodrich
Blanco, Blanca Stella
Bradley, Carolyn
Caplinger, Lynda
Capone, Emma
Cawood, Marjorie
Christensen, Sheron D.
Davis, Sandra M.
Dees, Ed
Dixon, Mattie Monika
Flowers, Pamela
Giles, Dava Louise
Hardy, Sherrie
Harmon, Jeanie
Harris, Yolanda A.
Hernandez, Dora M.
Hill, Ethel
Howard, Gary
Hudson, Sherilyn
Johnson, Irenner
Johnson, Lucinda
Jones, Shauna
Lackey, Andrew

Laster, Beverly Kay
Lee, Wendy, Kay
Littlewood, Dani
Malone, James L.
Mangrum, Glenda Gail
McBride, Kathy
McWay, Willie
Miller, Nikki
Moody, Miken
Morrow-Mead, Virginia J.
Myers, Viola
Nash, Jacquelyn
Neilson, Marlene
Newsome, Teresa
Percival, Cheryl
Peterson, Sandy
Poulson, Carrie Bryant
Reynolds, Louise
Roan, Sandy
Sawyer, Loretta
Seek, Barbara
Slone, Carin
Smith, Linda
Tiner, Lisa
Venable, Hattie
Watkinson, Susan
Whitley, Rose
Wilkinson, John
Williams, Fannie M.
Zbylut, Melissa

1

```
 1        IN THE UNITED STATES DISTRICT COURT FOR THE

 2            NORTHERN DISTRICT OF TEXAS
                  DALLAS DIVISION
 3
    TODD LINDLEY, LINDLEY AND     )
 4  ASSOCIATES,                   )
                    Plaintiffs,   )
 5                                )
    vs.                           )Case No. 3:05-CV-1476-L
 6                                )
    HACKARD AND HOLT, et al,      )
 7                                )
                    Defendants.   )
 8
    -----------------------------------------------------
 9        REPORTER'S TRANSCRIPT OF PROCEEDINGS

10          HAD ON FRIDAY, MAY 4, 2007

11          PRETRIAL CONFERENCE HEARING

12    BEFORE THE HONORABLE SAM A. LINDSAY, JUDGE PRESIDING

13        A   P   P   E   A   R   A   N   C   E   S

14  MR. MICHAEL F. PEZZULLI
    Pezzulli Kinser
15  17304 Preston Road, Suite 700
    Dallas, TX 75242
16  (972)713-1300
    michael@courtroom.com
17

18  COUNSEL FOR THE PLAINTIFF

19  MR. MICHAEL A. HACKARD
    11335 Gold Express
20  Suite 155
    Gold River, CA 95670
21  (916)853-3000

22  COUNSEL FOR THE DEFENDANTS

23

24

25
```



EXHIBIT

C

2

```
 1                I    N    D    E    X

 2                                         VOLUME    PAGE

 3   ANNOUNCEMENT BY THE PARTIES              I        3

 4   SETTLEMENT READ INTO THE RECORD          I        3

 5   REPORTER'S CERTIFICATE                   I       23

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Charyse C. Crawford, CSR, RPR
1100 Commerce Street, Room 1312, Dallas, Texas 75242
(214)753-2373 Telephone          (214)753-2372 FAX
Charyse_Crawford@txnd.uscourts.gov or Charyseokc@aol.com

1        (THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT,
2  WITH ALL PARTIES AND COUNSEL PRESENT.)
3        THE COURT:  This is civil action number
4  3:05-CV-C-1476-L.  What says the Plaintiffs?
5        MR. PEZZULLI:  Your Honor, Michael Pezzulli on
6  behalf of Plaintiff, and we are ready and we are here to
7  announce we have settled the matter.
8        THE COURT: Thank you, Mr. Pezzulli.
9  What says the Defendant?
10        MR. HACKARD:  Michael Hackard on behalf of the
11  Defendant, and we join Mr. Pezzulli.  We have resolved
12  the matter at the Court's strong suggestion.
13        THE COURT: Thank you, Mr. Hackard.  All right,
14  Mr. Pezzulli, you may address the Court.
15        MR. PEZZULLI:  Thank you, Your Honor.  May I
16  approach the podium?
17        THE COURT: You may.
18        MR. PEZZULLI:  Can Mr. Hackard look over my
19  shoulder to make sure I don't misstate?
20        THE COURT: Yes.
21        MR. PEZZULLI:  Thank you.  Michael Pezzulli on
22  behalf of the Todd Lindley and Lindley and Associates, we
23  are here to announce a settlement of the matter.  It is
24  our joint request.  At the conclusion of my reading the
25  agreed settlement into the record, that this Court enter

1  as the order of the Court and in the event that we cannot

2  memorialize it further in writing, that a transcript of

3  this will be as if it were the written order of the

4  Court.  We normally do that.  Although, I don't

5  anticipate between these two law firms there is really

6  going to be any further fighting.  I think we are all

7  fought out.

8          MR. HACKARD:  I think so too, Your Honor.

9          THE COURT: All right.

10          MR. PEZZULLI:  If I may proceed, I would like to

11  read into the record the agreement of the parties and

12  then ask the parties if they all agree to this.

13          THE COURT: All right, sir, you may proceed.

14          MR. PEZZULLI:  Thank you, Your

15  Honor.  The agreed statement of settlement elements

16  between Todd Lindley and Lindley and Associates as the

17  plaintiffs, Hackard and Holt, Michael A. Hackard, and

18  Theodore J. Holt individually as the defendants is as

19  follows:

20          Plaintiffs, Todd Lindley and Lindley and Associates,

21  collectively Lindley and Associates or LNA and Defendants

22  Hackard and Holt, Michael A. Hackard, and Theodore J.

23  Holt collectively Hackard and Holt, H and H of H and H as

24  well as their successors which might include Lindley and

25  Associates, PC, or Carla Lindley, agree that the parties

1  final settlement agreement will contain the following

2  elements as well as other possible clauses that will

3  effectuate or facilitate the parties realizing their

4  rights under these elements.

5       The parties agree that Texas or California law

6  governs this agreement.  They also agree that no evidence

7  is admissible to vary or compromise a party's rights

8  under these elements, even if the evidence is admissible

9  to prove or disprove other alleged duties or rights which

10 the parties may agree to or not later creating the final

11 settlement papers.

12      They also agree that this Court has exclusively

13 jurisdiction and venue to hear or receive any dispute

14 arising under -- resolve -- they also agree that this

15 Court has exclusive jurisdiction and venue to hear or

16 resolve any dispute arising under or related to this

17 agreement or its performance.

18      One, the parties agree to a special master oversight

19 person to administer and monitor distribution of all

20 funds.  The quote, administrator, appointment of

21 administrator is to be agreed to by Todd Lindley and Mike

22 Hackard.  If no agreement is reached within 30 days then

23 two names, one from Michael Hackard one from Todd Lindley

24 will be submitted to the federal judge for a decision.

25 Preferably the parties are requesting a retired judge to

6

```
 1  be the special master oversight person.

 2      The parties further agree they must confirm the

 3  quote grid used to establish allocation of settlement

 4  amounts to each opt-out or PPH (opt-out) client including

 5  in the opt-out group settlement.  That is referred to as

 6  the opt-out group settlement.

 7      Two, full disclosure and full right of access to a

 8  representative of Lindley and Associates to Hackard and

 9  Holt files and all information Hackard and Holt on all

10  Lindley and Associate cases including access to

11  information and allocation for all 500-plus opt-out cases

12  in the 33-and-a-half million-dollar opt-out settlement.

13          MR. HACKARD:  Let's say -- I am sorry.

14          MR. PEZZULLI:  May I proceed, Your Honor.

15          THE COURT: You may.

16          MR. PEZZULLI:  Thank you.  Authority to contact

17  the AAH Settlement Trust for all client cases submitted

18  or registered with the trust, the trust cases is granted

19  to Lindley and Associates.  Hackard and Holt will supply

20  Lindley and Associates with a list of DDR numbers on each

21  of the Lindley and Associate cases.

22      Four, the parties further agree that Lindley and

23  Associates will have authority to contact and get

24  information from Brown Greer, PLC (Virginia law firm

25  distributing settlement funds for wife and AAH settlement
```

7

1  trust) regarding status and information relating to all

2  Hackard and hold opt-out cases as well as Lindley and

3  Associates opt-out cases subject to the attorney-client

4  privilege on cases that are not Todd Lindley's.

5  However, the oversight judge will have access to and be

6  permitted to see everything.

7      Five, arrangements will be made with the AHP

8  Settlement Trust for matrix and Seventh Amendment claims

9  and with Brown Greer PLC for opt-out cases for direct

10  payment of Lindley and Associates portion of the settled

11  cases to a lock box to be allocated by the administrator

12  or other similar arrangement determined by the oversight

13  judge.

14      Six, in the Mancina versus Hackard and Holt lawsuit

15  filed in Kansas City, the subject of this matter is to be

16  handled by the oversight judge.

17      Seven --

18          MR. HACKARD:  Pardon me, again, Your Honor, and

19  I think Mr. Pezzulli the subject of this matter is

20  between the parties.

21          MR. PEZZULLI:  Oh sure.  Right.  Some of this is

22  handwritten, Judge, and I apologize to the Court.

23      Seven, Lindley and Associates will be entitled to

24  collect all of the Susan Ralph currently held in the

25  Pezzulli Kinser Trust Account and to keep Judith Olson

1  fee already collected.  Hackard and Holt agrees to

2  cooperate and facilitating the immediate release of these

3  funds to Lindley and Associates.

4      Eight, Lindley and Associates referral fee on all

5  opt-out or PPH cases is to be 38-and-a-half percent.

6      Nine, Lindley and Associates referral fee on all

7  Seventh Amendment cases is to be 38.5 percent.

8      Ten, Lindley and Associates referral fee on trust

9  cases already settled as of May 4, 2007, will be 38.5

10  percent (because already spent -- that is a strike out.

11         MR. HACKARD:  Yeah.

12         MR. PEZZULLI:  The payment of cases already

13  funded shall be paid directly from Hackard and Holt's

14  attorney's fees received from opt-out cases settlement.

15  This is to be overseen by the oversight judge.

16         MR. HACKARD:  That's correct.

17         MR. PEZZULLI:  Eleven, Lindley and Associates

18  referral fee on trust cases settled in the next nine

19  months (date of "settlement" is date of claim approved,

20  not funded) is 38.5 percent.

21      Twelve, Lindley and Associates referral fee on trust

22  cases settled in more than nine months is 38-and-a-half

23  percent.

24      Thirteen, Echo costs -- I believe that is

25  echocardiogram.

9

1    MR. HACKARD:  Yes.

2    MR. PEZZULLI:  Up to $1200 ($1500 if more than

3  one echo performed) will be allocated for each settled

4  case where provided for by client contract it will be

5  reimbursed by client.  Where not provided by client

6  contract, it will be paid for by the firm incurring the

7  cost.

8    Fourteen, in cases where Bridgeway performed the

9  echocardiogram, they will be paid per the agreement with

10  Bridgeway or subsequent modifications of the agreement

11  with Bridgeway.

12    Fifteen -- we are going to move to 16, Your Honor.

13    Sixteen, subject to the terms of this agreement, the

14  parties agree that as of May 2003, Lindley and Associates

15  has and had performed all duties and services to be

16  entitled to collect all its referral fees and that the

17  attorneys fees due to Lindley and Associates are and

18  always have been the property of Lindley and Associates,

19  not the property of Hackard and Holt, (no matter when

20  collected) and are only being held in trust by Hackard in

21  Holt.

22    Hackard and Holt and its individual partners agree

23  that Lindley and Associates portion of the attorneys fees

24  are not and have never been part of the Hackard and

25  Holt's estate or individual partners' estate for purposes

1  of bankruptcy law.

2      Seventeen, any cases where there is a third

3  attorney involved, (Abel Sokolove) Lindley and Associates

4  and Hackard and Holt will change their fees

5  proportionately to the above criteria per case and

6  request the third attorney to take proportionate

7  reduction.  Any reduction received from the third

8  attorney, if any, will be shared equally between Hackard

9  and Holt and Lindley and Associates.

10      Eighteen, all necessary confidentiality agreements

11 to be signed by Lindley and Associates, and I assume

12 Hackard and Holt.

13      MR. HACKARD:  Correct.

14      MR. PEZZULLI:  Nineteen, all disputes or

15 disagreements as to interpretation of the settlement

16 agreement between Hackard and Holt and Lindley and

17 Associates are to first be resolved by the administrator

18 within ten days of the dispute.  And if not resolved, to

19 be resolved to be resolved by Judge Lindsay.

20      MR. HACKARD:  Correct.  I don't think Judge

21 Lindsay will get any of this, I hope.

22      MR. PEZZULLI:  Finally, the parties agree to

23 share equally in payment for the oversight judge and

24 agree to meet and confer if a more reasonable way exists

25 to handle the allocation of the payment to the oversight

1  judge.

2          MR. HACKARD:  That is correct.

3          MR. PEZZULLI:  I believe, Your Honor, that would

4  conclude the agreement between the parties and I would

5  ask permission of the Court to confirm that that is as I

6  have recited the agreement of the parties by all of the

7  representatives of the Plaintiffs and have the

8  Defendants, so that we can then request that this Court

9  make this the order of this Court.

10          THE COURT:  All right, Mr. Pezzulli, just for

11  the record what you have read into the record as the

12  settlement agreement between the parties, is that the

13  agreement as agreed to by all Plaintiffs or all persons

14  that you represent pertaining to this lawsuit?

15          MR. PEZZULLI:  It is, Your Honor, and with the

16  Court's permission I will ask Mr. Lindley to confirm

17  that.  May I do so, Your Honor?

18          THE COURT:  All right.

19          MR. LINDLEY:  Your Honor, that is the agreement.

20          THE COURT:  Okay, just state your name for the

21  record.

22          MR. LINDLEY:  My name is Todd Lindley, and that

23  is the agreement.

24          MR. PEZZULLI:  That is agreement on behalf of

25  yourself and Lindley and Associates?

12

1    MR. LINDLEY: On behalf of myself and Lindley and

2    Associates.

3    MR. PEZZULLI:  You understand this is negotiated

4    settlement?

5    THE COURT: Just a minute.  When a party is

6    speaking, I want the party under oath.  Sir, raise your

7    right hand.

8                    **TODD LINDLEY**,

9    having been first duly sworn to tell the truth, the whole

10   truth, and nothing but the truth, testified as follows:

11   THE COURT:  All right.

12   MR. PEZZULLI:  May I proceed?

13   THE COURT:  You may proceed.

14           **D I R E C T    E X A M I N A T I O N**

15   Q.   (BY MR. PEZZULLI) For the record again, state your

16   name, sir.

17   A.   My name is Todd Lindley.

18   Q.   And you are here individually and on behalf of

19   Lindley and Associates?

20   A.   I am.

21   Q.   And you have reviewed and participated in the

22   negotiation of the settlement agreement?

23   A.   I have.

24   Q.   You have heard me read the settlement agreement into

25   the record?

1  A.    I have.

2  Q.    And do you agree with all the terms and conditions

3  of the settlement agreement?

4  A.    I do.

5  Q.    You understand this is the settlement of a disputed

6  matter?

7  A.    I do.

8  Q.    And that you understand that if you have gone to

9  trial which the judge was about to do on Monday, you

10 could have gotten more or less?

11 A.    I do.

12 Q.    Are you satisfied with this agreement?

13 A.    I am.

14 Q.    Are you satisfied that as the agreement has been

15 read into the record, it is the agreement of the parties?

16 A.    I do.

17 Q.    Are you asking the Court to enter the agreement I have

18 read into the record as the order of this Court?

19 A.    I am.

20        MR. PEZZULLI:  Thank you.  Pass the witness, Your

21 Honor.

22        THE COURT:  Mr. Hackard, do you have any

23 questions of Mr. Lindley?

24        MR. HACKARD:  I do not, Your Honor.

25        (WITNESS EXCUSED.)

14

1       THE COURT: All right, sir.  Well, I will ask you

2  too.  Does the settlement agreement as read into the

3  record by Mr. Pezzulli represent the complete settlement

4  on behalf of your clients?

5       MR. HACKARD:  Yes, Your Honor.

6       THE COURT:  Okay, just for the record state who

7  you are representing.

8       MR. HACKARD:  Your Honor, I am representing

9  Michael -- I am representing myself, Michael Hackard.  I

10  am representing Hackard and Holt.  And I am representing

11  Theodore Holt as well.

12       THE COURT:  Do you have any questions of any of

13  the individuals who you represent?

14       MR. HACKARD:  No, Your Honor.  If you would like

15  both Ted Holt and I could be sworn to verify this is in

16  fact the agreement.

17       THE COURT: So that I will not be accused of

18  favoritism.

19       MR. HACKARD:  I am not as capable as

20  Mr. Pezzulli, I will try to make it simple.

21       MR. PEZZULLI:  You can defer to me.

22       THE COURT: All right, Mr. Hackard, Mr. Holt,

23  please stand.

24                    **MICHAEL HACKARD,**

25  having been first duly sworn to tell the truth, the whole

1 truth, and nothing but the truth, testified as follows:

2 **THEODORE HOLT,**

3 having been first duly sworn to tell the truth, the whole

4 truth, and nothing but the truth, testified as follows:

5    THE COURT:  All right.

6    MR. HACKARD:  Your Honor, consistent with that,

7 I would offer to the Court along with Mr. Holt that the

8 terms of this settlement as read into the record are true

9 and correct.

10    THE COURT:  And you fully accept those terms

11 individually and on behalf of your client? Is that

12 correct, Mr. Hackard?

13    MR. HACKARD:  Yes, that is correct.

14    THE COURT: And you also want that settlement

15 entered as an order of the Court?

16    MR. HACKARD:  That is correct, Your Honor.

17    THE COURT: Mr. Holt.

18    MR. HOLT: That is correct.

19    THE COURT: You heard the settlement read into

20 the record by Mr. Pezzulli.  Do you accept the terms and

21 conditions of the settlement as read into the record by

22 Mr. Pezzulli?

23    MR. HOLT: Yes, I heard and yes, I do.

24    THE COURT:  Anything else, Mr. Hackard?

25    MR. HACKARD:  No, Your Honor, other than I will

Charyse C. Crawford, CSR, RPR
1100 Commerce Street, Room 1312, Dallas, Texas 75242
(214)753-2373 Telephone   (214)753-2372 FAX
Charyse_Crawford@txnd.uscourts.gov or Charyseokc@aol.com

1 reiterate the obvious and that is that you, Your Honor,

2 this Court continues to have exclusively jurisdiction

3 over the effectuation of the settlement.

4     THE COURT: That's what I had some questions

5 about. When I heard all that reading I said wait a

6 minute, let's see what is going on here.

7     MR. HACKARD: That's a good idea.

8     THE COURT: Frankly speaking, I have to wonder is

9 it better for me to go ahead and try the case. When I

10 start hearing this. Who is the oversight judge?

11     MR. HACKARD: Your Honor, we have -- Mr. Lindley

12 can speak to that.

13     THE COURT: Who is the over sight judge. I

14 wanted to make IT clear.

15     MR. HACKARD: Your Honor, we had an idea of

16 getting a retired judge, particularly in the Sacramento

17 area who could -- who would effectuate this settlement.

18 And should he or she be unable to resolve issues that

19 come to the settlement, then Mr. Lindley and Hackard and

20 Holt have to pay for such -- we will call it oversight.

21 Truly you have exclusively jurisdiction. Should there be

22 some kind of dispute, then that would be submitted to

23 this Court.

24     THE COURT: All right, so -- I just wanted to

25 make certain when the parties were using the term quote,

1  unquote, oversight judge, they were not referring to the

2  Court.

3          MR. HACKARD:  Exactly.

4          MR. PEZZULLI:  That is correct, Your Honor.

5          MR. HACKARD:  It is almost -- we tried to do this

6  in the last two days.  It's probably more akin to a

7  special master, if you will.  But with the directions to

8  that special master, don't come back and see me until you

9  have a problem.

10          THE COURT:  Also, with respect to me, what you

11  are saying is I would get involved only if there were

12  disputes as to interpretation of the settlement agreement

13  agreed to and entered by the Court; is that correct?

14          MR. HACKARD:  Yes, Your Honor.

15          MR. PEZZULLI:  That is correct, and enforcement

16  if necessary.

17          THE COURT:  Right, that is understood.  The

18  Court also has the authority to enforce its orders.  I

19  wanted to make certain that you were not referring to

20  this Court as the oversight judge.

21          MR. PEZZULLI:  No, Your Honor.

22          MR. HACKARD:  No, Your Honor.  If Your Honor

23  would, I don't quite know how to do this.  If Your Honor

24  would like at some point a joint submission that this

25  entire thing has been resolved and settled that you know

18

1  this isn't something like you are going to have oversight

2  on for the rest of your career.

3      THE COURT: That is exactly -- I do not know

4  about the rest of my career, but I was concerned that it

5  may go on for sometime and it could be quite extensive

6  from what I know about the case.

7      MR. PEZZULLI: We don't anticipate that

8  happening, Your Honor. And just for the record, what we

9  believe the document that I have entered in read into the

10 record that we are asking the Court to make the order of

11 the Court, we believe resolves all issues as between the

12 parties; is that correct?

13     MR. HACKARD: That's correct.

14     MR. PEZZULLI: Is that correct, Todd?

15     MR. LINDLEY: Yes.

16     THE COURT: Is that correct, Mr. Holt?

17     MR. HOLT: That is correct.

18     MR. HACKARD: If Your Honor would like, maybe we

19 could agree at some point in the future that we do file

20 something with the Court that says that it is done.

21     MR. PEZZULLI: Judge, when the money has changed

22 hands and everybody is happy, we will notify the Court.

23     THE COURT: That is fair enough. Let me ask

24 this question. Do we have any idea as to when that

25 possibly may be? I don't want you to say something with

1  any absolute certainty, but are we talking about six

2  months, a couple years, or what?

3      MR. HACKARD:  Your Honor, we think -- this is

4  again subject to a few other things.  We are hopeful that

5  the opt-out settlement will be paid in about 60 days.

6      MR. HOLT:  Yes, sir.

7      MR. HACKARD:  The trust settlements that are in

8  Philadelphia are subject to the defense in those cases.

9  We are hopeful that they will be resolved within six

10  months.  I am sure if we could pull them in front of Your

11  Honor, we could resolve them within six months.  We are

12  hopeful, but we will see about it.

13      MR. PEZZULLI:  Just to give the judge the

14  perspective which the judge probably knows, there is

15  1100-plus cases involved here.  We are trying to get them

16  all resolved in the next six months, if possible.

17      THE COURT:  That's why I asked the question.  My

18  understanding it was about 1100.

19      MR. PEZZULLI:  That is correct, Your Honor.  We

20  will make every effort to have this Court's involvement to

21  a bear minimum.

22      MR. HACKARD:  That is correct.

23      MR. PEZZULLI:  I think jointly we are requesting

24  that the Court enter the settlement read into the record

25  as the order of this Court.

1         THE COURT: All right, just one minute. Let me

2 consult with my law clerk.

3     (PAUSE IN PROCEEDINGS.)

4         THE COURT: Let me ask the parties. This I know

5 the parties want me to enter the settlement agreement as

6 read into the record as the order of the Court with

7 respect to the settlement of all matters in this case.

8 What's the parties' position about a final judgment?

9 What do the parties contemplate in that regard?

10         MR. PEZZULLI: We anticipate being able to bring

11 you and submit papers to the Court, Your Honor. The

12 reason we are asking the Court to enter this as the order

13 of the Court is that in the event there is some potential

14 dispute. We don't anticipate it. If there is, we can

15 make this transcript effectively the order of the Court

16 and from that we can then just get a judgment entered

17 from it.

18         MR. HACKARD: Your Honor, I would add to that to

19 make sense, I think ultimately what happens here is if we

20 each do what we say we are going to do is there will be a

21 dismissal, I suppose, is the appropriate thing to do, if

22 Your Honor has continuing jurisdiction or whatever else

23 Your Honor requests whether it be a --

24         MR. PEZZULLI: Final judgment.

25         THE COURT: Normally settlements -- you are

21

1  correct -- normally, settlements there is a dismissal

2  with prejudice, that's what the parties agree to.

3           MR. HACKARD:  I think that is more appropriate,

4  Your Honor, unless there is a default.

5           MR. PEZZULLI:  Right.  Subject to the Court

6  being able to enforce its order.

7           THE COURT: Absolutely.  I guess my question when

8  would the dismissal with prejudice come?  I can enter the

9  order, when would the dismissal with prejudice order come?

10           MR. PEZZULLI: We would ask the Court to permit

11  us to get the funding done which will take six months and

12  then enter it.

13           MR. HACKARD:  That is correct.

14           THE COURT:  All right.

15           MR. PEZZULLI:  Thank you, Judge.

16           MR. HACKARD:  Thank you, Judge.  I would just

17  add thank you for your both Counsel and I have discussed

18  this.  Thank you for your orders and for the

19  encouragement in the orders to the parties to reassess, I

20  think you said, and to get together and see if they can

21  resolve this case.  Thank you.  They had an effect.

22           THE COURT: Well, I mean, to be honest with you

23  the reason I put that in there is I didn't see a slam

24  dunk for either side.

25           MR. HACKARD:  I appreciate that, Your Honor.

1      THE COURT: Both sides had some issues they would

2   have to deal with on the jury.  And how the jury would

3   have resolved those issues, we do not know, but -- and

4   the point I was making is that there should be some

5   middle ground that should be reached concerning the

6   settlement given all the issues that were outstanding.

7      Well, all right, based upon what the Court has

8   heard, the Court will enter as a settlement in this case

9   of all matters the agreement read into the record by

10  Mr. Pezzulli and agreed to as stated here in open court

11  by all parties and their Counsel.

12      MR. HACKARD:  Yes, Your Honor.

13      THE COURT:  Is there anything further on this

14  case it?

15      MR. PEZZULLI: Just that we would ask the Court

16  to incorporate that as the order of this Court, the

17  transcript.

18      THE COURT:  All right, the transcript is hereby

19  incorporated as the order of the Court pertaining to the

20  settlement of all claims in this case, and when I say

21  this case, I am talking about civil action number

22  3:05-CV-1476-L.  Is there anything further?

23      MR. PEZZULLI: No, Your Honor.  Thank you.  May

24  we be excused?

25      THE COURT: You may be excused, and thank the

23

1   parties for coming to an agreement on this matter.

2            MR. HACKARD:  Thank you, Your Honor.

3            MR. PEZZULLI:  Thank you, Your Honor.

4            THE COURT SECURITY OFFICER: All rise.

5        *I certify that the foregoing is a correct transcript
    from the record of proceedings in the above-entitled
6    matter.  I further certify that the transcript fees
    format comply with those prescribed by the court and the
7    Judicial Conference of the United States.*

8

    Signature_____  Date:_____
9            Charyse C. Crawford, CSR, RPR
             United States Court Reporter
10           Northern District of Texas - Dallas Division

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# GERALD J. DIAZ JR., PA

### ATTORNEYS AT LAW

G. Joseph Diaz, Jr.

Kevin D. Lewis

Christopher P. Williams

Patrick K. Williams†

May 15, 2007

**VIA U.S. MAIL**

Mr. George Beck, Jr.
Capell & Howard, P.C.
150 South Perry Street
Montgomery, AL 36104

Re:    **Outstanding Liens for Bridgeway Mobile Diagnostics, LLC
Anthony Strother**

Dear Mr. Beck:

OFFICE ADDRESS

125 SOUTH CONGRESS ST.

SUITE 1218

JACKSON, MS 39201

Please find enclosed check #1985 in the amount of $1,500.00 as full and final satisfaction of any and all outstanding invoices, testing cost or expense owed to Bridgeway Mobile Diagnostics, LLC for the above referenced client. This will further conclude the Bridgeway matter as we have now accounted for all eight (8) clients for whom Bridgeway was owed $1,500.00 each. We will therefore close our file on this matter and by copy of this letter inform Todd Lindley of the same.

Thank you. With kind and personal regards, I am,

Sincerely,

**GERALD J. DIAZ, JR., P.A.**

MAILING ADDRESS:

P.O. DRAWER 24268

JACKSON, MS 39225-4268

By: _____
~~GERALD J. DIAZ, JR., P.A.~~

gjd/ds
Enclosure
cc:    Todd Lindley, Esq.

PHONE 601.969.1111

TOLL FREE 800.459.2222

FACSIMILE 601.353.0458

WWW.MSATTORNEYS.COM

†Also a Registered Nurse



EXHIBIT
D



MAY 17 2007

CAPELL & HOWARD, P.C.