**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 DEC -7  A 11: 03

| | | |
|---|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, an Alabama Limited Liability Company, and DONNA HOOVER, | § § § § | CIVIL ACTION NO. 2:07-cv-76-WKW (WO) [CASE UNDER SEAL] |
| Plaintiffs | § § | |
| V. | § § | |
| TODD P. LINDLEY, d/b/a LINDLEY & ASSOCIATES; THEODORE J. HOLT; HACKARD & HOLT, A Partnership, PHILIP O. WATTS; WATTS & WATTS, a Partnership; ALYSTOCK, WITKIN & SASSER, PLC, | § § § § § § § § | |
| Defendants | | |

## DEFENDANT THEODORE J. HOLT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(B)(2) AND 12(B)(3) AND IN THE ALTERNATIVE MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT THEREOF

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

    A.   Summary of Motion ................................................................................ 1

    B.   The Parties' Relationship and Background of Case ............................... 2

II.  THIS COURT LACKS JURISDICTION OVER THE
NON-RESIDENT CALIFORNIA DEFENDANTS ......................................... 4

    A.   Due Process Standards ........................................................................... 4

    B.   This Court Lacks Specific and General Jurisdiction Over the
California Defendants ............................................................................. 6

        1.   This Court Lacks Specific Jurisdiction Because Defendant Holt did
Not Avail itself of the Privileges of Conducting Activities in Alabama
and Could not have Reasonably Anticipated Being Haled into Court
Here ............................................................................................. 6

        2.   This Court Lacks General Jurisdiction Over Defendant Holt Because
It Did Not Have Any Continuous or Systematic Contacts With
Alabama ...................................................................................... 8

III. VENUE IS IMPROPER AND THIS ACTION SHOULD ALSO
BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(B)(3) ..................................................................................... 9

IV.  IN THE ALTERNATIVE THIS ACTION SHOULD BE TRANSFERRED
TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF CALIFORNIA ....................................................................... 10

V.   CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

Cases

*Aeropower, Ltd. v. Matherly*, 511 F. Supp. 2d 1139 (D. Ala. 2007) ............................................. 7

*Ashton v. Florala Mem'l Hosp.*, 2006 U.S. Dist. LEXIS 72945, 2006 WL 2864413,
  *4 (M.D. Ala. 2006) ........................................................................................................... 5

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) .......... 7

*C.M.B. Foods, Inc. v. Corral of Middle*, 396 F. Supp. 2d 1283 (D. Ala. 2005) ...................... 9, 10

*Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286 (11th Cir. 2000) ................................... 5, 6, 8

*DeLong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843 (11th Cir. 1988) .......... 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868,
  80 L. Ed. 2d 404 (1984) ..................................................................................................... 5

*Holmes v. Freightliner*, L.L.C., 237 F.Supp. 2d 690 (M.D. Ala. 2002) ...................................... 10

*Home Insurance Co. v. Thomas Industries, Inc.*, 896 F.2d 1352 (11th Cir. 1990) ....................... 9

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ..................................................................... 5

*Lasalle Bank N.A. v. Mobile Hotel Props., LLC*, 274 F. Supp. 2d 1293 (S.D. Ala. 2003) .......... 10

*Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312 (11th Cir. 2004) ................................ 4, 5

*Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351 (11th Cir. 2000) ............. 8

*Vermeulen v. Renault U.S.A., Inc.*, 975 F.2d 746 (11th Cir. 1992) ............................................... 4


Statutes

28 U.S. § 1406(a) .......................................................................................................................... 9

28 U.S.C. § 1404(a) ...................................................................................................................... 1

Ala. R. Civ. P. 4.2(a)(2) ................................................................................................................ 4

Fed. R. Civ. Proc. 12(B)(3) ....................................................................................................... 1, 9

Fed. R. Civ. Proc. 12(B)(2) ....................................................................................................... 1, 9

Defendant Theodore J. Holt[1] files this Brief in support of his Motion to Dismiss Pursuant to Fed. R. Civ. Proc. Rule 12(B)(2) and Fed. R. Civ. Proc. 12(B)(3) and in the Alternative Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

## I. INTRODUCTION

### A. Summary of Motion

This breach of contract dispute arises from an alleged contract executed between Plaintiffs Bridgeway Mobile Diagnostics LLC and Donna Hoover (collectively "Bridgeway") and Defendant Todd P. Lindley, a Texas resident. Defendants Theodore J. Holt and Hackard & Holt (collectively "Holt" or "California Defendants") are not parties to the contact at issue herein. Further, at all times relevant here, Defendants Theodore J. Holt and Hackard & Holt are and were citizens of California and never conducted business in the State of Alabama.

Plaintiffs' claims must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue. The facts before this Court prove that this Court lacks specific jurisdiction over the California Defendants because they have not directed any activities toward Alabama nor purposely availed themselves of the privileges and benefits of conducting business here. Further, the California Defendants have insufficient contacts with Alabama to establish general jurisdiction. None of the California Defendants are Alabama residents and none of the California Defendants have any systematic or continuous contacts with Alabama.

This action must also be dismissed because this Court is an improper venue for this dispute. Most if not all of the parties, evidence and witnesses are located outside the State of

---

[1] The arguments that Defendant Theodore J. Holt makes here apply to defendant Hackard & Holt. Each defendant should be dismissed as explained more fully herein.

**DEFENDANT THEODORE J. HOLT'S MOTION TO DISMISS**               **PAGE 1**

Alabama and any evidence and witnesses related to the Holt defendants are located in the State of California. Finally, in the alternative, this Court should transfer venue to the United States District Court for the Eastern District of California for the same and related reasons.

**B.    The Parties' Relationship and Background of Case**

Plaintiff Bridgeway Mobile Diagnostics is a Limited Liability Company that purportedly has a place of business located in Troy, Alabama. However, Bridgeway is composed of Plaintiff Donna Hoover and her husband Dr. Jason Hoover who reside in the State of Georgia. (Exhibit 1, *Plaintiffs' Complaint*, ¶ 2.) Defendant Todd P. Lindley and Lindley and Associates[2] are domiciled in Dallas, Texas. Defendant Theodore J. Holt is a citizen of the State of California and Defendant Hackard and Holt is, and at all times relevant was, a law partnership engaged in the practice of law in Gold River, California. Defendant Holt is informed and believes that the remaining named defendants have been dismissed from this action.

In or about January 2002, Defendant Lindley contracted with Plaintiff Bridgeway to perform echocardiogram testing and screening services throughout the United States in connection with potential clients for representation in mass tort cases known as Fen-Phen litigation ("Fen-Phen"). Plaintiff contends that "it orally agreed to perform such services while in Alabama" but the Complaint is resoundingly silent as to where the written contract was executed between Plaintiff and Defendant Lindley. (Exhibit 1, ¶ 11). Additionally, a majority of the services giving rise to the contract were performed outside of the State of Alabama, including California, Florida, Texas, Arkansas, Tennessee, Michigan and other states. (Exhibit 2, *2002 Testing by Donna*).

---

[2] Lindley & Associates is a d/b/a for Todd Lindley's former law practice.

**DEFENDANT THEODORE J. HOLT'S MOTION TO DISMISS**                                                                    **PAGE 2**

Defendant Holt is merely one of many law firms that Defendant Lindley engaged to represent potential Fen-Phen clients after the screening of those potential clients was underway. At no time did Defendant Holt engage Plaintiff Bridgeway in Alabama or elsewhere for the purpose of hiring it to perform services for Defendant Holt. At no time did Defendant Holt negotiate or enter into a contract with Plaintiff Bridgeway to perform echocardiogram and/or screening services. (Holt Affidavit.) At no time did Defendant Holt travel to Alabama to avail itself of the privileges and benefits of doing business with Plaintiff Bridgeway in Alabama. (Holt Affidavit.) In fact, as noted above, the location of Plaintiff's business was inconsequential to performance of the contract with Lindley. Any contact with Plaintiff Bridgeway by Defendant Holt was merely an accommodation to Defendant Lindley to provide the appropriate address and deadlines to send the screening materials from Lindley referred clients.

As Plaintiff knows, any amounts due and owing under the alleged contract are the sole responsibility and debt of Defendant Todd. P. Lindley. However, in approximately late 2006, some four years after Plaintiffs performed the screenings on Lindley's potential clients, Plaintiffs became aware that Defendant Todd P. Lindley was in dire financial straits and had been indicted and pled guilty to felony charges in Texas. (Exhibit 1, ¶ 67). Then, and only then, did Plaintiffs try to allege that Defendant Holt was somehow liable for a contract entered into by Defendant Lindley. Plaintiffs' attempt to haul Defendant Holt to an Alabama court that has no jurisdiction over Defendant Holt is nothing more than a disguised attempt to collect funds owed by Defendant Lindley which Plaintiffs now fear are not recoverable. But, Defendant Holt is not responsible for the alleged debts of Defendant Lindley in Alabama or any other state.

///

Regardless, the vast majority of transactions and occurrences that give rise to this lawsuit occurred outside the State of Alabama between parties that reside outside the State of Alabama. Thus, this lawsuit's relationship with Alabama is wholly tangential, based solely upon the business address of Bridgeway whose owners reside in Georgia. This Court should dismiss this action because it lacks jurisdiction over the non-resident California Defendants and because venue is improper. In the alternative, this Court should transfer venue to the United States District Court for the Eastern District of California.

## II. THIS COURT LACKS JURISDICTION OVER THE NON-RESIDENT CALIFORNIA DEFENDANTS

### A. Due Process Standards

In a diversity action, like this one, "a federal court may assert jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum State, and only if the exercise of the jurisdiction comports with the requirements of the *Due Process Clause of the Fourteenth Amendment*." *Vermeulen v. Renault U.S.A., Inc.*, 975 F.2d 746, 753 (11th Cir. 1992), *op. modified and superseded on other grounds*, 985 F.2d 1534 (11th Cir. 1993). However, "[w]hen the courts of the forum State have interpreted the forum's long-arm statute to confer jurisdiction to the limits allowed by federal due process, state law need not be applied: [the court] need only ask whether the exercise of jurisdiction over the nonresident defendant comports with due process." *Id.* Here, Alabama's long-arm statute authorizes personal jurisdiction to the fullest extent permitted by the United States Constitution. *See Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004) ("Alabama's long-arm statute authorizes Alabama courts to assert jurisdiction to the fullest extent constitutionally permissible."); Ala. R. Civ. P. 4.2(a)(2). Thus, the sole issue in this court's jurisdictional analysis is whether Alabama's exercise of jurisdiction over Defendant Holt violates due process.

"The *Due Process Clause* protects one's liberty interests by shielding an individual from binding judgments in a forum with which he or she has established no meaningful contacts, ties or relations." *Ashton v. Florala Mem'l Hosp.*, 2006 U.S. Dist. LEXIS 72945, 2006 WL 2864413, *4 (M.D. Ala. 2006) (citing *Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, (1945))*. Due Process "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mutual Serv. Ins. Co., 358 F.3d at 1319* (citation omitted).

In assessing a defendant's minimum contacts with the forum state, courts have distinguished between contacts establishing "specific" and "general" personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, n.9, 80 L. Ed. 2d 404 (1984)* ("*Helicopteros*").

> Specific [personal] jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. It has long been recognized that a court has the minimum contacts to support specific jurisdiction only where the defendant "purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." The requirement that there be minimum contacts is grounded in fairness. It assures that "the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there."

*Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000)* (internal citations omitted), *cert. denied, 534 U.S. 827, 122 S. Ct. 68, 151 L. Ed. 2d 34 (2001)*. On the other hand, general personal jurisdiction derives from the defendant's contacts with the forum that are unrelated to the action being litigated. *Consol. Dev. Corp., 216 F.3d at 1292.* "The due process requirements for general personal jurisdiction are more stringent than for specific personal

jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Id.*

Turning to the matter at hand, Plaintiffs cannot demonstrate the existence of either specific or general jurisdiction over Defendant Holt here and thus Defendant Holt must be dismissed from this action.

### B. This Court Lacks Specific and General Jurisdiction Over the California Defendants

Plaintiffs admit this controversy arises out of an alleged contract entered into with Defendant Lindley and not Defendant Holt. (Exhibit 1, ¶ 11.) Plaintiffs' Complaint is conspicuously silent as to where this written contract was entered into, but that is irrelevant to Defendant Holt who was never a party to the agreement anyway. In fact, Plaintiffs' complaint is factually devoid of any information that Defendant Holt had anything but tenuous contact with Plaintiff Bridgeway. As such, this Court lacks jurisdiction over Defendant Holt.

#### 1. This Court Lacks Specific Jurisdiction Because Defendant Holt did not Avail itself of the Privileges of Conducting Activities in Alabama and Could not have Reasonably Anticipated Being Haled into Court Here

The Eleventh Circuit has formulated a three-part test for ascertaining whether there are sufficient minimum contacts for a court to exercise specific personal jurisdiction over a nonresident defendant:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve "some act whereby the defendant purposely avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws." Third, the defendant's contacts with the forum must be "such that [the defendant] could reasonably anticipate being haled into court there."

*Vermeulen, 985 F.2d at 1546* (internal citations omitted).

The instant case is strikingly similar to *Aeropower, Ltd. v. Matherly*, 511 F. Supp. 2d 1139 (D. Ala. 2007) wherein the Court granted the motion to dismiss the Oklahoma defendants, Aero Records, and dismissed said defendants. Considering the three-part minimum contacts test articulated in *Vermeulen* and applied in *Aeropower, supra*, it is clear that here to the requisite minimum contacts for the exercise of specific jurisdiction over Defendant Holt does not exist.

Here, as in *Aerojet*, Plaintiffs attempt to assert personal jurisdiction over Defendant Holt through alleged telephone calls, facsimile and mail communications elicited at the behest of a third-party, Defendant Lindley. Plaintiffs, in fact, admit that they initiated those contacts with the California defendants and not the other way around. (Exhibit 1, ¶ 11).

The second prong of the *Vermeulen* analysis is where Plaintiffs' assertion of personal jurisdiction completely fails. As in *Aerojet*, Defendant Holt had virtually no contact with Alabama other than telephone, fax, and/or mail communications with Plaintiffs at the direction of Defendant Lindley. Although Defendant Holt's contacts may have been tangentially related to Alabama, the "nature and quality and the circumstances of [their] commission create only an 'attenuated' affiliation with the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n. 18, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (citations omitted). *See Ashton,* 2006 U.S. Dist. LEXIS 72945, 2006 WL at *6 ("Courts have no power over a nonresident defendant whose contact with the jurisdiction are 'random,' 'fortuitous' or 'attenuated,' or the result of the unilateral activity of another party or a third person.") (citations omitted).

As in *Aerojet*, Defendant Holt is not incorporated in Alabama, or licensed, registered, or authorized to do business in Alabama. Defendant Holt does not have offices, agents or bank accounts in Alabama, nor does it have officers or employees located in Alabama. As in *Aerojet*,

there is no evidence that Defendant Holt traveled to Alabama in connection with this matter. Moreover, there is simply no evidence that Defendant Holt initiated any contact whatsoever with Alabama concerning the transactions at issue. The evidence establishes that Defendant Holt was contacted in California by the Plaintiffs. Said another way, Defendant Holt never availed itself of the privileges of conducting business here because it did not conduct business in Alabama.

It logically follows that because Defendant Holt did not purposefully direct any activity at the forum state, its contact is not "such that [they] could reasonably anticipate being haled into court [in Alabama]." *Vermeulen*, 985 F.2d at 1546. *See, Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1356 (11th Cir. 2000) ("[I]t is important to remember that the conduct at issue is that of the defendants . . . benefits of doing business in Alabama such that the notions of reasonableness and fairness are not offended by requiring them to defend themselves in an Alabama court.") To do so would violate due process and any notion of fair play associated therewith.

The same result is reached with regard to general jurisdiction.

2. **This Court Lacks General Jurisdiction over Defendant Holt Because It Does Not Have Any Continuous or Systematic Contacts With Alabama**

The general personal jurisdiction derives from the defendant's contacts with the forum that are unrelated to the action being litigated. *Consol. Dev. Corp., 216 F.3d at 1292.* "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Id.*

Defendant Holt has no such contacts. As outlined above, Theodore J. Holt is a California residents and California attorney. Defendant Hackard & Holt is located in Gold River

California. (Holt Affidavit.) Defendant Holt does not own any property in Alabama or maintain any type of business in Alabama. *Id.* Defendant Holt does not own or maintain any offices, warehouses, business locations, mailing addresses, phone numbers or answering services in Alabama. *Id.* Defendant Holt does not maintain a registered agent for service of process here. *Id.*

In sum, Defendant Holt simply does not have any type of "continuous and systematic contact" with Alabama. On these facts, this Court lacks general jurisdiction over Defendant Holt and should dismiss this action pursuant to Fed. R. Civ. Proc. 12(b)(2). This Court should also dismiss this action pursuant to Fed. R. Civ. Proc. 12(b)(3) for improper venue as discussed next.

### III. VENUE IS IMPROPER AND THIS ACTION SHOULD ALSO BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)

This action was filed in an improper judicial district, and this Court may dismiss the action upon this timely objection. Fed. R. Civ. P. 12(b)(3); *see also* 28 U.S. § 1406(a).

Further, "an important consideration in deciding appropriate venue is whether a forum can meet the personal jurisdiction and venue requirements for most or all of the defendants." *Home Insurance Co. v. Thomas Industries, Inc.*, 896 F.2d 1352, 1358 (11th Cir. 1990) (quoting *DeLong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 857 (11th Cir. 1988); *C.M.B. Foods, Inc. v. Corral of Middle*, 396 F. Supp. 2d 1283, 1286-1287 (D. Ala. 2005) Here, for the reasons stated above, the Court cannot exercise personal jurisdiction and venue on Defendant Holt and should dismiss the action.

IV. **IN THE ALTERNATIVE THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

In the interest of justice and convenience, the Court should transfer this action to the United States District Court for the Eastern District of California. This more appropriate forum can meet the personal jurisdiction and venue requirements for most of the remaining defendants. *C.M.B. Foods, supra.* Additionally, any evidence and/or witnesses that may be produced by Defendant Holt are located in California under the subpoena power of the California courts.

In this case, a substantial majority of the operative facts occurred outside the State of Alabama. Additionally, both Plaintiffs and Defendants reside outside the State of Alabama. Plaintiffs' choice of forum is based solely on the business address of Bridgeway Mobile Diagnostics. As the name indicates, it is a "mobile" business that performed the services giving rise to this dispute in many states outside of Alabama and thus Plaintiffs' choice of forum should be afforded no weight.

When making a change of venue determination, the courts "generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency." *Lasalle Bank N.A. v. Mobile Hotel Props.*, LLC, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003) (Granade, J.) (quoting *Holmes v. Freightliner*, L.L.C., 237 F.Supp. 2d 690, 692 (M.D. Ala. 2002) (Albritton, C.J.). For the reasons state above, Defendant Holt has demonstrated that most, if not all, of the above facts support transfer to the United States District Court for the Eastern District of California.

## V. CONCLUSION

For the foregoing reasons, this Court should dismiss this action for lack of personal jurisdiction over the Defendant Holt and for improper venue. In the alternative, this Court should transfer this action to the United States District Court for the Eastern District of California.

Dated: December 6, 2007                    Respectfully submitted,

_____
Theodore J. Holt
California State Bar No. 148899
Hackard & Holt
11335 Gold Express Drive, Suite 105
Gold River, California 95670
Telephone:   (916) 853-3000
Facsimile:    (916) 853-3010

**DEFENDANT IN PRO SE**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, an Alabama Limited Liability Company, and DONNA HOOVER,<br>　　　　Plaintiffs<br>V.<br><br>TODD P. LINDLEY, d/b/a LINDLEY & ASSOCIATES; THEODORE J. HOLT; HACKARD & HOLT, A Partnership, et al.<br>　　　　Defendants | § § § § § § § § § § § § | CIVIL ACTION NO. 2:07cv76-WKW<br><br>[CASE UNDER SEAL] |

## [PROPOSED] ORDER GRANTING MOTION OF DEFENDANT THEODORE J. HOLT TO DISMISS PURSUANT TO RULE 12(B)(2) AND 12(B)(3) OR TO TRANSFER VENUE

Before this Court is Defendant's Motion to Dismiss or, Alternatively, to Transfer Venue Pursuant to Rule 12(B)(2) and Rule 12(B)(3). After considering the motion, the Court is of the opinion that it should be granted.

☐ It is therefore **ORDERED** that Defendants' Motion to Dismiss Pursuant to Rule 12(B)(2), filed on December 8, 2007, is **GRANTED**;　OR

☐ It is therefore **ORDERED** that Defendants' Motion to Transfer Venue Pursuant to Rule 12(B)(3), filed on December 8, 2007, is **GRANTED**.

Signed on this _____ day of _____, 2007.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　HONORABLE W. KEITH WATKINS

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via first class U.S. Mail & Federal Express overnight upon all parties and/or their counsel of record as follows:

George L. Beck Jr.
Richard H. Allen
Arden Reed Pathak
CAPELL & HOWARD P.C.
P.O. Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069

Todd Lindley
8409 Pickwick Lane, Suite 385
Dallas, TX  75225

Phillip O. Watts, Esq.
Watts & Watts
210 Park Avenue, Suite 1110
Oklahoma City, OK  73102

this 6th day of December 2007.

_____
Theodore J. Holt