IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, an Alabama Limited Liability Company, and DONNA HOOVER,<br>        Plaintiffs<br><br>V.<br><br>TODD P. LINDLEY, d/b/a LINDLEY & ASSOCIATES; THEODORE J. HOLT; HACKARD & HOLT, A Partnership, PHILIP O. WATTS; WATTS & WATTS, a Partnership; ALYSTOCK, WITKIN & SASSER, PLC,<br>        Defendants | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:07-cv-76-WKW<br>(WO)<br><br>[CASE UNDER SEAL] |

### AFFIDAVIT OF THEODORE J. HOLT IN SUPPORT OF REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) AND 12(B)(3) AND IN THE ALTERNATIVE MOTION TO TRANSFER VENUE

I, Theodore J. Holt, hereby affirm and make the following declaration:

1. My name is Theodore J. Holt. I am an attorney residing in and licensed to practice in California, I am over the age of twenty one, have never been convicted of a felony or crime involving moral turpitude, am of sound mind and am otherwise capable of making this declaration. I have personal knowledge of the facts stated herein and they are true and correct.

2. At all times relevant here, I am and have been the managing partner of the law firm of Hackard & Holt in Gold River, California.

3. I have never met nor had any contact with Plaintiff Donna Hoover or any owner or employee of Plaintiff Bridgeway Mobile Diagnostics, LLC.

4. Neither I nor Hackard & Holt have ever entered into a written, oral or implied contract with Plaintiffs Bridgeway or Donna Hoover.

5. At no time did I ever place a call to Plaintiff Donna Hoover in Alabama.

6. At no time did I ever receive a call from Plaintiff Donna Hoover.

7. I have never spoken with Plaintiff Donna Hoover regarding the terms of Bridgeway's alleged 2002 contract with Defendant Todd Lindley or Bridgeway's performance of the alleged contract with Defendant Todd Lindley.

5. I have never seen the alleged contract between Defendant Todd Lindley and Plaintiff Bridgeway.

6. I have no knowledge of the terms of the alleged contract between Defendant Todd Lindley and Plaintiff Bridgeway, other than what has been alleged in this complaint.

7. At no time did Defendant Todd Lindley have the scope and authority to act as an agent of Defendants Theodore Holt and/or Hackard & Holt.

8. No agency relationship of any kind has ever existed between Defendant Todd Lindley and me or Hackard & Holt.

9. Defendant Todd Lindley informed me that he was solely responsible for any sums due and owning Plaintiff Bridgeway, if in fact such sums exist.

10. Defendant Todd Lindley informed me that he had resolved all litigation with Plaintiffs Donna Hoover and Bridgeway.

///

Pursuant to the provisions of 28 U.S.C. § 1746, and under the laws of the States of California and Alabama, I declare under penalty of perjury that this affidavit was executed on February 1, 2008, in Gold River, California and that the foregoing is true and correct of my own knowledge, except as to matters stated to be based upon information and belief, and as to such matters, I am informed and believe that they are true and correct.

*Theodore J. Holt*
Theodore J. Holt
California State Bar No. 148899
Hackard & Holt
11335 Gold Express Drive, Suite 105
Gold River, California 95670
Telephone:   (916) 853-3000
Facsimile:   (916) 853-3010

**DEFENDANT IN PRO SE**

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was served via first class U.S. Mail upon all parties and/or their counsel of record as follows:

George L. Beck Jr.
Richard H. Allen
Arden Reed Pathak
CAPELL & HOWARD P.C.
P.O. Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069

Todd Lindley
8409 Pickwick Lane, Suite 385
Dallas, TX  75225

Phillip O. Watts, Esq.
Watts & Watts
210 Park Avenue, Suite 1110
Oklahoma City, OK  73102


      this 1st day of February 2008.

                                                    *Theodore J Holt*
                                                  Theodore J. Holt