IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:07-cv-0076-WKW |
| TODD P. LINDLEY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

On March 20, 2008, the court ordered (Doc. # 52) the parties to show cause in writing why the court's order sealing this case should not be vacated or, in the alternative, vacated and replaced with less restrictive measures narrowly tailored to protect the confidential and sensitive materials of specific filings that are presently under seal. On April 4, 2008, the plaintiffs responded (Doc. # 53) and stated they had no objection to the extent unsealing the case will not result in a violation of the confidentiality provision in the Letter of Understanding (Doc. # 1-2). On April 15, 2008, Defendants Theodore J. Holt ("Holt") and Hackard & Holt ("H&H") (collectively, the "Holt defendants") filed a "statement of non-opposition" (Doc. # 54) that is "limited only by [H&H's] continued objection to the filing of any document that identifies any client by name or which contains any other confidential and/or privileged material." (*Id.*) Defendant Todd P. Lindley failed to respond to the court's order.

Therefore, in consideration of the parties' responses to the show cause order, it is ORDERED that:

1. Each party shall identify and propose in writing **on or before May 30, 2008**, which filings, or portions thereof, should remain under seal.

2. The filings proposed to remain under seal shall be precisely identified by title, document number, and applicable page numbers.

3. Upon receipt of the proposed filings, the court will vacate the order placing this case under seal and issue a new order that will place the appropriate individual documents, if any, under seal.

Furthermore, upon review of the status of this case, it has come to the court's attention that Defendant Hackard & Holt, a partnership, is currently unrepresented by counsel. While Defendant Holt may represent himself *pro se* in this matter because he is an individual, a partnership may not represent itself. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991); *Pallazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long

standing and consistent court interpretation of § 1654 is that they must be represented by licensed counsel."). Therefore, it is ORDERED that Defendant Hackard & Holt obtain appropriate counsel to represent its interests in this matter **on or before June 6, 2008**, or show cause why it should not be required to do so.

Additionally, it is ORDERED that the plaintiffs' Motion for Leave to File Supplement (Doc. # 51) is GRANTED. The supplement is deemed filed.

This order is not under seal and shall be served upon all parties.

DONE this 22nd day of May, 2008.

        /s/ W. Keith Watkins
        UNITED STATES DISTRICT JUDGE