IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:07-cv-0076-WKW |
| TODD P. LINDLEY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

This case is before the court on Defendant Theodore J. Holt's ("Holt's") Motion to Dismiss (Doc. # 36) pursuant to Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(3) for improper venue, and, in the alternative, to transfer to the United State District Court for the Eastern District of California. Also before the court is Plaintiff Bridgeway Mobile Diagnostics, LLC's and Plaintiff Donna Hoover's (collectively "Bridgeway's") request for jurisdictional discovery. For the reasons given below, Holt's motion is due to be DENIED without prejudice. Further, Bridgeway will be permitted to conduct jurisdictional discovery subject to the guidelines contained herein.

## RELEVANT PROCEDURAL HISTORY

On January 26, 2007, Bridgeway brought this action against Holt and his law firm, Defendant Hackard & Holt, and several other defendants. (Doc. # 1.) Bridgeway generally alleges that it performed medical tests to screen potential Phen-Fen claimants who would be represented by Holt, his law firm, or the other defendants. *Id.* Bridgeway asserts that it was

damaged when the defendants, including Holt, failed to pay it for the screening services. *Id.*

Holt never answered Bridgeway's Complaint, and instead waited almost a year before filing his Motion to Dismiss (Doc. # 36). In the interim, the parties indicated in filings and telephone conferences with the court that Bridgeway and Holt, and Hackard & Holt, were close to resolving their dispute informally. (Doc. # 24.) Defendant Hackard & Holt has yet to respond to the Complaint.[1]

Bridgeway timely responded to Holt's Motion to Dismiss with affidavits and other materials regarding all the Defendants' contacts with Alabama. (Doc. # 43.) Nonetheless, the record remains unclear about Defendant Holt's contacts. Bridgeway's response included a request for jurisdictional discovery. *Id.*

## DISCUSSION

Under the Federal Rules of Civil Procedure, parties can conduct discovery about jurisdictional matters: "Parties may obtain discovery **regarding any nonprivileged matter.**" Fed. R. Civ. P. 26(b)(1)(emphasis added); *see also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13 (U.S. 1978) (noting that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues"). In the Eleventh Circuit, the right to conduct such jurisdictional discovery is a qualified one. *See Eaton v. Dorchester Dev., Inc.* 692 F.2d 727, 729-31 (11th Cir. 1982).

---

[1] Holt asserts in a footnote that the arguments he makes "apply to Defendant Hackard & Holt." However, although Holt may represent himself *pro se*, he cannot represent Hackard & Holt unless he is admitted to practice before this court.

2

In *Eaton*, the Eleventh Circuit acknowledged that although jurisdictional discovery is "not entirely discretionary," it would be allowed when a plaintiff served requests for production prior to a ruling on a motion to dismiss. *Id.* at 729-31. Conversely, in *Posner*, the court explained in a footnote that jurisdictional discovery was properly denied when a plaintiff waited seven months after filing its complaint, and five months after defendant moved to dismiss before seeking discovery. *See Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1214 n.7 (11th Cir. 1999).

Here, unlike *Posner*, where the plaintiff served discovery five months after a motion to dismiss was filed, Bridgeway immediately sought leave to pursue discovery in response to Holt's Motion to Dismiss. Any delay in Bridgeway's request for discovery was no doubt occasioned by the parties' attempts to resolve this matter informally, which would have conserved party and judicial resources.² The parties, including Holt, have repeatedly indicated to the court that a settlement was imminent, and as a result, the court never issued a Rule 16(b) scheduling Order. In the absence of such a scheduling Order, the parties never held a Rule 26(f) discovery conference, and Bridgeway was thus unable to seek discovery. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)..."). Accordingly, the Court will allow jurisdictional discovery with limits.

---

²Indeed, the court is surprised to learn that these efforts have been unsuccessful, but trusts they will continue, and invites the parties to seek the court's assistance with further attempts at alternative dispute resolution.

It is ORDERED that:

1. Holt's Motion to Dismiss (Doc. # 36) is DENIED without prejudice;

2. Bridgeway's request for jurisdictional discovery is GRANTED;

3. Bridgeway may seek to discover jurisdictional facts and substantive facts that are intertwined with jurisdictional issues through the following means:

    a. Bridgeway may serve written discovery on Defendant Holt;

    b. Bridgeway may issue and serve up to five subpoenas;

    c. Bridgeway may conduct up to four depositions by any means, including remote means such as telephone, unless good cause is shown as to why the depositions cannot be done remotely.

4. Bridgeway will have until **July 31, 2008,** to complete its jurisdictional discovery;

5. The parties are expected to cooperate in good faith in the jurisdictional discovery and DIRECTED to seek a telephone conference with this Court to resolve any issues before filing any discovery motions;

6. The jurisdictional discovery is not a substitute for, and will not be counted against any limits set on, merits discovery if the case proceeds;

7. Bridgeway will file a report on or before **July 31, 2008**, detailing the status of discovery and settlement discussions. After reviewing the report, the court will issue a Uniform Scheduling Order that will include dispositive motion

deadlines.

This Order is not under seal.  The clerk of the court is DIRECTED to serve copies of this Order on counsel for all parties of record and any parties who have yet to retain counsel via U.S. Mail and facsimile.

DONE this 13th day of June, 2008.

                                                /s/  W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE