IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRIDGEWAY MOBILE                          *
DIAGNOSTICS, LLC, an Alabama              *
Limited Liability Company, and            *
DONNA HOOVER,                             *
                                          *
        Plaintiffs,                       *
                                          *
v.                                        *        CASE NO. 2:07-cv-76-WKW
                                          *
TODD P. LINDLEY d/b/a LINDLEY             *
& ASSOCIATES; THEODORE J.                 *
HOLT; HACKARD & HOLT, a                   *
Partnership; PHIL WATTS ;                 *
WATTS & WATTS, a Partnership ;            *
AYLSTOCK, WITKIN & SASSER,                *
a Florida Professional Limited            *
Liability Company,                        *
                                          *
        Defendants.                       *

**PLAINTIFF BRIDGEWAY MOBILE DIAGNOSTICS, LLC'S
REPORT REGARDING JURISDICTIONAL DISCOVERY
AND SETTLEMENT DISCUSSIONS**

COMES NOW Plaintiff Bridgeway Mobile Diagnostics, LLC ("Bridgeway") and hereby

submits this Report Regarding Jurisdictional Discovery and Settlement Discussions.  Bridgeway

states as follows:

1.      By Order dated June 13, 2008, the Court denied, without prejudice, Defendant

Theodore J. Holt's Motion to Dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction,

Rule 12(b)(3) for lack of proper venue, and in the alternative, transfer to the United States

District Court for the Eastern District of California.  [Doc. 58]  The Court also allowed

Bridgeway to conduct jurisdictional discovery and ordered Bridgeway to report back to the Court

no later than July 31, 2008, detailing the status of the jurisdictional discovery and settlement discussions.

2.      After the Court's order, Bridgeway served written discovery on Defendant Ted Holt, and deposition notices on Defendants Ted Holt and Todd Lindley.  Attached hereto as Exhibit A is Bridgeway's  jurisdictional discovery.

3.      In an effort to avoid the time and expense necessary to respond to jurisdictional discovery, Defendant Ted Holt agreed to waive his personal jurisdiction arguments in this case and consent to the jurisdiction of the Court.  A copy of Defendant Ted Holt's written acknowledgement of this agreement is attached hereto as Exhibit B.  Indeed, Defendant Ted Holt has on this date filed his Answer in this case in which the affirmative defenses of lack of personal jurisdiction and venue are not pled.  (Doc. 66)  Thus, personal jurisdiction and venue are no longer contested issues in this case.

4.      Regarding settlement, Plaintiffs have been in discussions with both Defendant Todd Lindley and the Holt Defendants in efforts to resolve these disputes.  Based upon representations made by these Defendants, Plaintiffs are informed that the settlement and funding of a large number of Fen-Phen cases relevant to Plaintiffs' claims are scheduled to occur in a matter of weeks.  These Defendants have agreed to provide Plaintiffs information related to the status of all of the cases handled by Defendants upon which Plaintiffs provided services.  Until that information is received, settlement discussions cannot proceed.  If not received sooner, Plaintiff will serve discovery requests upon Defendants seeking this information, along with other information, after the Court enters its scheduling order.

Respectfully submitted, this the 30th day July, 2008.

  **/s/ Richard H. Allen**
**George L. Beck, Jr. (BEC011)**
**Richard H. Allen (ALL053)**
**Arden Reed Pathak (PAT072)**
Attorneys for Plaintiffs

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069
Telephone:    (334) 241-8000
Facsimile:    (334) 323-8888


## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following counsel of record listed hereinbelow:

Edward Kirksey Wood, Jr.
Wood Law Firm, L.L.C.
P. O. Box 382434
Birmingham, AL 35238-2434

Gregory L. Davis
The Law Office of Gregory L. Davis
6987 Halcyon Park Drive
Montgomery, AL 36117

and I hereby certify that I have mailed by U.S. Mail the document to the following non-CM/ECF participant:

Todd Lindley, Esq.
8409 Pickwick Lane, Suite 385
Dallas, TX  75225

/s/ Richard H. Allen
Of Counsel

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRIDGEWAY MOBILE                     *
DIAGNOSTICS, LLC, an Alabama         *
Limited Liability Company, and       *
DONNA HOOVER,                        *
                                     *
    Plaintiffs,                   *
                                     *
v.                                   *          CASE NO. 2:07-cv-76-WKW
                                     *
TODD P. LINDLEY d/b/a LINDLEY        *
& ASSOCIATES; THEODORE J.            *          **CASE UNDER SEAL**
HOLT; HACKARD & HOLT, a              *
Partnership; PHIL WATTS ;            *
WATTS & WATTS, a Partnership ;       *
AYLSTOCK, WITKIN & SASSER,           *
a Florida Professional Limited       *
Liability Company,                   *
                                     *
    Defendants.                   *

## PLAINTIFFS' FIRST JURISDICTIONAL REQUESTS FOR ADMISSIONS TO THEODORE J. HOLT

COME NOW Bridgeway Mobile Diagnostics, LLC and Donna Hoover ("Bridgeway") and serves these requests for admissions on Theodore J. Holt ("Holt") pursuant to the Federal Rules of Civil Procedure and the Court's Order of June 13, 2008, responses to which must be served on or before thirty (30) days after service of these Requests.

Admit or deny each of the following Requests:

1.    That Defendant Hackard & Holt has represented online that it is a nationwide law firm which represents claimants in Fen-Phen litigation.

RESPONSE:


2.    That Hackard & Holt has sought representation of clients throughout the United States, including Alabama.

RESPONSE:


3.    That you have sought representation of clients throughout the United States, including Alabama.

RESPONSE:


4.    That Hackard & Holt has represented clients in the Fen-Phen litigation that were residents of Alabama at the time of their representation.

RESPONSE:


5.    That you have represented clients in the Fen-Phen litigation that were residents of Alabama at the time of their representation.

RESPONSE:


6.     That employees, representatives or agents of Hackard & Holt have contacted employees of Bridgeway in Alabama.

RESPONSE:


7.     That you have contacted employees of Bridgeway in Alabama.

RESPONSE:


8.     That you called Donna Hoover at least once while she was in Alabama.

RESPONSE:


9.     That Andrea McNeil is an attorney who was once employed by Hackard & Holt.

RESPONSE:


10.     That during her employment with Hackard & Holt, Andrea McNeil was a member of the State Bar of the State of Alabama.

RESPONSE:

Respectfully submitted, this the 20 day June, 2008.

**George L. Beck, Jr. (BEC011)**
**Richard H. Allen (ALL052)**
**Arden Reed Pathak (PAT072)**
Attorneys for Plaintiffs

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069
Telephone: (334) 241-8000
Facsimile:  (334) 323-8888

## CERTIFICATE OF SERVICE

A copy of the foregoing has been delivered to the Defendants, at the addresses set forth below, on this the 20 day of June, 2008.

Todd Lindley, Esq.
8409 Pickwick Lane, Suite 385
Dallas, TX  75225

Theodore J. Holt, Esq.
11335 Gold Express Drive, #105
Gold River, California  95670

HACKARD & HOLT
c/o David Zarka, Esq.
11335 Gold Express Drive, #105
Ancho Cordova, California  95670

Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| BRIDGEWAY MOBILE<br>DIAGNOSTICS, LLC, an Alabama<br>Limited Liability Company, and<br>DONNA HOOVER,<br><br>　　　Plaintiffs,<br><br>v.<br><br>TODD P. LINDLEY d/b/a LINDLEY<br>& ASSOCIATES; THEODORE J.<br>HOLT; HACKARD & HOLT, a<br>Partnership; PHIL WATTS ;<br>WATTS & WATTS, a Partnership ;<br>AYLSTOCK, WITKIN & SASSER,<br>a Florida Professional Limited<br>Liability Company,<br><br>　　　Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CASE NO. 2:07-cv-76-WKW<br><br>**CASE UNDER SEAL** |

## PLAINTIFFS' FIRST JURISDICTIONAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO THEODORE J. HOLT

COME NOW Bridgeway Mobile Diagnostics, LLC and Donna Hoover ("Bridgeway") and serves these interrogatories and requests for production of documents on Theodore J. Holt ("Holt") pursuant to the Federal Rules of Civil Procedure and the Court's Order of June 13, 2008, responses to which must be served on or before thirty (30) days after service of these requests.

### DEFINITIONS

As used herein:

1.　　"Defendant", "Holt", "you" or "your" refers to Theodore J. Holt and his agents, consultants, attorneys, and representatives.

2.    "Plaintiff" or "Bridgeway" refers to Bridgeway Mobile Diagnostics, LLC and its officers, directors, employees, and representatives and Donna Hoover.

3.    "Document" or "documents" means all items within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, the original, drafts, revisions, and non-duplicate copies of any written, typed, printed, recorded, electronic, magnetic, graphic, photographic or other form of memorialization or communication and also specifically including all of your internal memoranda.

4.    The phrases "referring to," "relating to," "refer to," and "relate to" are used in the broadest sense and include, without limitation, containing, alluding to, responding to, connected with, regarding, discussing, involving, showing, describing, analyzing, reflecting, identifying, incorporating, or in any way pertaining to.

5.    The word "and" is deemed to include the word "or" and vice versa, and, when appropriate, the use of the singular includes the plural, the masculine also includes the feminine, and vice versa.

6.    "Identify" means:   (a) as to an individual, provide full name, occupation or business activity, business and home addresses and phone numbers, and relationship to you; (b) as to a document, provide title or name, date, author, location of original, and all persons who have copies.

7.    "Communication," "communications," or "communicating" shall mean anything that conveys information, whether done orally, in writing, or otherwise.

8.    "Fen-Phen claimants" shall mean individuals that were evaluated or considered for inclusion as claimants in Fen-Phen litigation. This includes, but is not limited to, individuals who became clients of yours, Hackard & Holt's, or any other law firm's and those that ultimately did not become the clients of anyone, for whatever reason.

9.    The term "Person" means any natural person, firm, corporation, partnership, sole proprietorship, estate, trust, trust estate, joint venture, association or any other form of business entity of any nature or character, together with the partners, trustees, officers, directors, employees, attorneys or agents thereof.

### INSTRUCTIONS

A.    Nothing in these Interrogatories and Requests for Production of Documents shall be deemed to seek disclosure of information which constitutes work product or a confidential or privileged communication. However, as to any such information which would be furnished in response to the following Interrogatories and Requests for Production of Documents but for such claim of work product, confidentiality, or privilege, you are instructed and requested to furnish the following information:

(a)    the date of communication;

(b)    whether the communication is oral or written; and,

(c)    the name of the person participating in the communication.

As to any document, you are instructed and requested to furnish the following information:

(a)    State the type of document or thing, its date, title or heading, and subject matter.

(b)    Identify all persons who participated in creating the document or thing;

(c)    Identify all persons to whom the document or thing has been given, shown, exhibited, distributed, made available or explained;

(d)    State the present location of the document or thing;

(e)    State the factual and legal basis for your refusal to describe the contents of the document or thing, including any claim of privilege, in sufficient detail to permit the Plaintiff and the Court to evaluate the validity of each refusal;

(f)    Describe each item sufficiently to indicate the factual and legal grounds for its inclusion within the scope of the privilege claimed or objection asserted and sufficiently to enable Plaintiff to identify the item in a motion to compel a response or a motion for an *in camera* inspection by the Court.

B.    To the extent permitted by the context, questions referring to the past include the present and, by virtue of the duty to amend your answers should future information come to you intention, the future. Questions framed in the present tense similarly also refer to the past and future whenever the reading is appropriate.

C.    Do not confine your answers to the space provided.    Attach additional sheets as required to fully answer each question.

D.    Bridgeway reserves the right to propound additional interrogatories and document requests as allowed by the Court and the Federal Rules of Civil Procedure.

### INTERROGATORIES

1.    Identify every Person who assisted in answering these Interrogatories, along with their address and telephone number.

RESPONSE:


2.    Identify all employees, representatives, agents and contractors of Hackard & Holt who were involved, or who directed others, whether employees of Hackard & Holt, or not, in the location, solicitation, evaluation and organization of Fen-Phen claimants located in the State of Alabama.

RESPONSE:

3.     Identify all Persons that Hackard & Holt retained and/or contacted to locate, solicit, evaluate and/or organize Fen-Phen claimants located in the State of Alabama.

RESPONSE:


4.     Identify each and every Person contacted in Alabama by you and/or by agents, employees or representatives of Hackard & Holt with respect to the Fen-Phen litigation, and the nature of every communication.

RESPONSE:


5.     Identify all Fen-Phen claimants located in the State of Alabama.

RESPONSE:


6.     Identify all documents which relate to the location, solicitation, evaluation and/or organization of Fen-Phen claimants located in the State of Alabama.

RESPONSE:


7.     Describe all agreements, whether oral or written, relating to the location, solicitation, evaluation and/or organization of Fen-Phen claimants located in the State of Alabama between you and /or any agent, employee or representative of Hackard & Holt  and Todd Lindley and/or his law firm.

RESPONSE:

8.      Identify all cases in which you and/or any agent, employee or representative of Hackard & Holt have appeared in an Alabama state or federal court.

RESPONSE:

9.      Identify all Persons located in Alabama to whom you and/or any agent, employee or representative of Hackard & Holt have provided legal services.

RESPONSE:

10.     Identify all employees of Hackard & Holt that have applied and/or been admitted to practice *pro hac vice* in an Alabama state or federal court in the past ten years and the cases in which they applied for such status.

RESPONSE:

11.     State whether Andrea McNeil was an employee of Hackard & Holt.

RESPONSE:

12.    If yes, (1) describe her job title, duties and dates of employment and (2) provide her last known contact information.

RESPONSE:


13.    State whether Andrea McNeil was a member of the State Bar of the State of Alabama when employed by Hackard & Holt.

RESPONSE:


14.    State whether Andrea McNeil appeared in state or federal court in the State of Alabama while employed by Hackard & Holt.

RESPONSE:


15.    If you answer the preceding interrogatory in the affirmative, identify the cases and clients on whose behalf Andrea McNeil appeared.

RESPONSE:


16.    State whether Elisa Zitano was an employee of Hackard & Holt.

RESPONSE:


17.    If yes, (1) describe her job title, duties and dates of employment and (2) provide her last known contact information.

RESPONSE:


18.    State whether Alisa Holt was an employee of Hackard & Holt.

RESPONSE:


19.    If yes, (1) describe her job title, duties and dates of employment and (2) provide her last known contact information.

RESPONSE:


20.    State whether Brad McDowell was an employee of Hackard & Holt.

RESPONSE:


21.    If yes, (1) describe his job title, duties and dates of employment and (2) provide his last known contact information.

RESPONSE:


22.    State whether you have ever been physically present in the State of Alabama and if so, describe each appearance in detail, including the date, duration and purpose of such apearance.

RESPONSE:

23.    State whether you have ever spoken on the telephone to anyone in the State of Alabama. If so, describe each and every conversation in detail.

RESPONSE:

24.    State whether you have ever spoken on the telephone to Donna Hoover and if so, whether you intitiated the call and the substance of the conversation.

RESPONSE:

25.    State whether you have ever sent written or electronic communications to anyone in the State of Alabama. If so, describe and attach such correspondence.

RESPONSE:

26.    State whether you have ever spoken to or otherwise communitcated with Fen-Phen claimants who are residents of the State of Alabama. If so, describe in detail, including the name of the claimant and the substance of the communication.

RESPONSE:

27.    State the names and addresses of all Alabama residents whom you have represented as legal counsel, state the nature of each such representation, and the dates of those representations.

RESPONSE:


28.    State the name of all Fen-Phen claimants either you or Hackard & Holt have ever represented.

RESPONSE:


29.    Provide the style of every case, including, but not limited to, the case name, the court and case number, of every legal proceeding to which you or Hackard & Holt has appeared as counsel and which includes a Fen-Phen claimant that is a resident of the State of Alabama.

RESPONSE:


30.    State the name of all Alabama residents to whom you have ever communicated relating to Fen-Phen litigation and the date and substance of that communication.

RESPONSE:

31.    State the name of all Fen-Phen claimants that were tested by Plaintiffs and who you or Hackard & Holt represented.

RESPONSE:


32.    State the name of all Fen-Phen claimants for whom you or Hackard & Holt received testing reports or other written material from Plaintiffs, or which referred to Plaintiffs testing services.

RESPONSE:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.    Copies of each and every document to which reference was made or which you were asked to identify in formulating your responses to the preceding interrogatories.

RESPONSE:


2.    Copies of all written contracts for goods or services used to locate, solicit, evaluate and/or organize Fen-Phen claimants located in the State of Alabama.

RESPONSE:


3.    Copies of all documents identified by you in your response to Interrogatory No. 6.

RESPONSE:

4.    Any documents relating to the location, solicitation, evaluation and/or organization of Fen-Phen claimants located in the State of Alabama, including, but not limited to, legal proceedings, claims, claim forms, screenings, readings, call logs, client and any other relevant lists, correspondence, instructions, guidelines, internal memoranda and emails.

RESPONSE:

5.    Any agreements or correspondence relating to the location, solicitation, evaluation and/or organization of potential Fen-Phen claimants located in the State of Alabama between you and /or any agent, employee or representative of Hackard & Holt and Todd Lindley and/or his law firm.

RESPONSE:

6.    Any correspondence between Plaintiff and you and/or any agent, employee or representative of Hackard & Holt.

RESPONSE:

7.    Any document that discloses or lists Fen-Phen claimants upon whom Plaintiffs performed testing or other services.

RESPONSE:

8.    A complete list of all Fen-Phen claimants that were tested by Plaintiffs and who you or Hackard & Holt represented.

RESPONSE:


9.    A complete list of all Fen-Phen claimants for whom you or Hackard & Holt received testing reports or other written material from Plaintiffs, or which referred to Plaintiffs testing services.

RESPONSE:


10.    A complete copy, including all attachments, of Todd Lindley's letter to you dated April 21, 2005.

RESPONSE:


11.    A copy of all correspondences between you or Hackard and Holt and Todd Lindley that relate in any way to Plaintiffs.


Respectfully submitted, this the 20 day June, 2008.


George L. Beck, Jr. (BEC011)
Richard H. Allen (ALL052)
Arden Reed Pathak (PAT072)
Attorneys for Plaintiffs

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL 36102-2069

Telephone:    (334) 241-8000
Facsimile:    (334) 323-8888

## CERTIFICATE OF SERVICE

A copy of the foregoing has been delivered to the Defendants, at the addresses set forth below, on this the 2d__ day of June, 2008.

Todd Lindley, Esq.
8409 Pickwick Lane, Suite 385
Dallas, TX 75225

Theodore J. Holt, Esq.
11335 Gold Express Drive, #105
Gold River, California 95670

HACKARD & HOLT
c/o David Zarka, Esq.
11335 Gold Express Drive, #105
Ancho Cordova, California 95670

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRIDGEWAY MOBILE                         *
DIAGNOSTICS, LLC, an Alabama             *
Limited Liability Company, and           *
DONNA HOOVER,                            *
                                         *
        Plaintiffs,                      *
                                         *
v.                                       *        CASE NO. 2:07-cv-76-WKW
                                         *
TODD P. LINDLEY d/b/a LINDLEY            *
& ASSOCIATES; TED HOLT;                  *
HACKARD & HOLT, a Partnership;           *
PHIL WATTS; WATTS & WATTS,               *
a Partnership ; AYLSTOCK,                *
WITKIN & SASSER, a Florida               *
Professional Limited Liability           *
Company,                                 *
                                         *
        Defendants.                      *

## NOTICE OF DEPOSITION

TO:    **Theodore J. Holt**
       11335 Gold Express Drive, #105
       Gold River, California  95670

       PLEASE TAKE NOTICE that pursuant to the *Federal Rules of Civil Procedure* and the

Court's Order dated June 13, 2008, counsel for Plaintiffs, Bridgeway Mobile Diagnostics, LLC

and Donna Hoover, will take the telephonic deposition of Theodore J. Holt, beginning at a date

and time agreed upon by counsel, but in no event later than July 24, 2008 at 11335 Gold Express

Drive, #105, Gold River, California 95670.  The deposition will be taken before a Notary Public,

or some other officer authorized by law to administer oaths.  The deposition will be for purposes

of discovery, or for the use in evidence or for any other purpose permitted by the *Federal Rules*

*of Civil Procedure.*

Respectfully submitted, this the 20th day of June, 2008.

George L. Beck, Jr. (BEC011)
Richard H. Allen (ALL 052)
Arden Reed Pathak (PAT072)
Attorneys for Plaintiffs


**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069
Telephone:      (334) 241-8000
Facsimile:      (334) 323-8888

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Deposition shall be served upon the following by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Todd Lindley**
8409 Pickwick Lane, Suite 385
Dallas, TX  75225

**Theodore J. Holt**
11335 Gold Express Drive, #105
Gold River, California  95670

**HACKARD & HOLT**
11335 Gold Express Drive, #105
Gold River, California  95670

on this the 20th day of June, 2008.

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRIDGEWAY MOBILE        *
DIAGNOSTICS, LLC, an Alabama    *
Limited Liability Company, and     *
DONNA HOOVER,             *
                          *
      Plaintiffs,             *
                          *
v.                         *     CASE NO. 2:07-cv-76-WKW
                          *
TODD P. LINDLEY d/b/a LINDLEY   *
& ASSOCIATES; TED HOLT;      *
HACKARD & HOLT, a Partnership;   *
PHIL WATTS; WATTS & WATTS,    *
a Partnership ; AYLSTOCK,       *
WITKIN & SASSER, a Florida      *
Professional Limited Liability      *
Company,                 *
                          *
      Defendants.         *

## NOTICE OF DEPOSITION

TO:    **Todd Lindley**
       8409 Pickwick Lane, Suite 385
       Dallas, TX  75225

PLEASE TAKE NOTICE that pursuant to the *Federal Rules of Civil Procedure* and the

Court's Order dated June 13, 2008, counsel for Plaintiffs, Bridgeway Mobile Diagnostics, LLC

and Donna Hoover, will take the telephonic deposition of Todd Lindley beginning at a date and

time agreed upon by counsel, but in no event later than July 24, 2008 at 8409 Pickwick Lane,

Suite 385, Dallas, TX  75225.  The deposition will be taken before a Notary Public, or some

other officer authorized by law to administer oaths.  The deposition will be for purposes of

discovery, or for the use in evidence or for any other purpose permitted by the *Federal Rules of*

*Civil Procedure.*

Respectfully submitted, this the 20th day of June, 2008.

_____
George L. Beck, Jr. (BEC011)
Richard H. Allen (ALL 052)
Arden Reed Pathak (PAT072)
Attorneys for Plaintiffs


**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069
Telephone:    (334) 241-8000
Facsimile:    (334) 323-8888

2

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Deposition shall be served upon the following by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Todd Lindley**
8409 Pickwick Lane, Suite 385
Dallas, TX  75225

**Theodore J. Holt**
11335 Gold Express Drive, #105
Gold River, California  95670

**HACKARD & HOLT**
11335 Gold Express Drive, #105
Gold River, California  95670

on this the 20th day of June, 2008.

_____
Of Counsel

# EXHIBIT B

# EXHIBIT B

| FRANK H. McFADDEN | JAMES H. McLEMORE | CATY HOUSTON RICHARDSON |
| JOHN F. ANDREWS | CONSTANCE SMITH BARKER | ARDEN REED PATHAK |
| WILLIAM K. MARTIN | THOMAS M. EDEN III | RICHARD F. CALHOUN, JR. |
| GEORGE L. BECK, JR. | W. HOLT SPEIR III | W. ALLEN SHEEHAN |
| BRUCE J. DOWNEY III | CHRISTOPHER W. WELLER | WILLIAM R. CUNNINGHAM, JR. |
| HENRY C. BARNETT, JR. | DEBRA DEAMES SPAIN | TERRIE SCOTT BIGGS |
| R. PALMER SMITH | C. CLAY TORBERT III | |
| ROBERT T. MEADOWS III | R. BROOKE LAWSON III | OF COUNSEL: |
| HENRY H. HUTCHINSON | J. SCOTT PIERCE | JAMES M. SCOTT |
| SHAPARD D. ASHLEY | ROBERT D. RIVES | THOMAS S. LAWSON, JR. |
| D. KYLE JOHNSON | RICHARD H. ALLEN | |
| ROBERT F. NORTHCUTT | M. COURTNEY WILLIAMS | AFFILIATED COUNSEL: |
| J. LISTER HUBBARD | LEE M. RUSSELL, JR. | CHAD D. EMERSON |
| JAMES N. WALTER, JR. | CHAD W. BRYAN | |
| | MICHAEL P. DALTON | |

## CAPELL & HOWARD P.C.

ATTORNEYS AT LAW

Writer's direct number
(334) 241-8019

July 21, 2008

**Via Facsimile: 916-853-3010**

Theodore J. Holt, Esq.
Hackard & Holt
11335 Gold Express Drive, Suite 105
Gold River, CA 95670

Re:     *Bridgeway Mobile Diagnostics, LLC v. Todd P. Lindley, et seq.*
        **In the Middle District of Alabama**
        **Case No. 2007-76**

Dear Mr. Holt:

David Zarka has informed me that, in order to avoid the time and expense necessary to complete jurisdictional discovery, you have agreed to waive your objection to personal jurisdiction in this case. If that is correct, please sign below and return this to me. I will thereafter notify the Court. Please feel free to call if you have any questions.

Yours very truly,

Richard H. Allen

RHA/cz

Acknowledged and agreed this _25_ day of July, 2008

_____
Theodore J. Holt

cc:     David A. Zarka, Esq.
        (via facsimile: 916-853-3010)

MONTGOMERY  •  OPELIKA / AUBURN

150 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36102-2069
334 241 8000 *tel*    334 323 8888 *fax*    www.capellhoward.com