IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIDGEWAY MOBILE DIAGNOSTICS, LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:07-cv-0076-WKW |
| TODD P. LINDLEY, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## ORDER

On July 29, 2008, Defendant Hackard and Holt ("H&H") filed its Answer (Doc. # 62) and a Motion to Set Aside Default Judgment (Doc. # 64). In the motion, Michael Austin Hackard ("Hackard") is referred to as a defendant in this action even though he is not individually named as one in the complaint. Furthermore, his affidavit states that in late 2003 he "left Hackard & Holt pursuant to a buy-out arrangement with Theodore J. Holt." (Hackard Aff. ¶ 2.) Despite Hackard's departure from H&H, his name still appears on the firm's letterhead, as evidenced by the letter (Doc. # 60-2) sent to this court on July 2, 2008, from Defendant Theodore J. Holt ("Holt").

On July 30, 2008, Defendant Holt filed his Answer (Doc. # 66) and a Motion to Set Aside Default Judgment (Doc. # 67), wherein he describes himself as being in a "position of leadership with this firm." (*Id.* ¶ 2.) Based on the information before the court, it is unclear the type of business entity by which H&H is organized and it is even more unclear by whom H&H is properly represented. Therefore, it is ORDERED that:

1.  **On or before August 6, 2008**, Defendant H&H shall clarify in writing its

       type of business entity[1] and Mr. Hackard's affiliation with it. Furthermore, Mr. Hackard shall clarify the capacity in which he appears in this action.

2. **On or before August 6, 2008**, Defendant Holt shall state any objections he has to Mr. Gregory L. Davis's representation of Defendant H&H.

3. Defendant H&H's Motion to Set Aside Default Judgment (Doc. # 64) is DENIED as MOOT because there has been no default *judgment*; only an entry of default has been entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiffs' Motion for Default Judgment (Doc. # 32) is still pending.

4. Defendant Holt's Motion to Set Aside Default Judgment (Doc. # 67) is DENIED as MOOT because, in addition to the distinctions between an entry of default and default judgment, default has only been entered against Defendant H&H and not against Defendant Holt. There is no default judgment or entry of default to set aside with respect to Defendant Holt.

DONE this 30th day of July, 2008.

                                      /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE

---

[1] If H&H is a general partnership, it shall provide the names, addresses and citizenship of all its partners.